## CLARK v. PHILLIPS *et al.*, *Appellants.*

1. **Practice:** AMENDING OF REFEREE'S REPORT. In a law case, a circuit judge may set aside the report of a referee altogether if dissatisfied with it, but he has no power to amend it.

2. ——: ——. Where the lower court has erred by amending a referee's report, and the referee is fully sustained by the testimony, judgment will be entered in the supreme court on the report.

*Appeal from Cole Circuit Court.*—HON. J. L. SMITH, Special Judge.

REVERSED.

*J. D. S. Cook* and *A. M. Hough* for appellants.

This being an action at law, the parties had a constitutional right to a trial by jury, the finding of the referee was equivalent to the verdict of a jury, and the court had no further or greater authority over the report than it would have over a verdict. It might set aside the report and grant a new trial if not sustained by the evidence, but would have no right to substitute findings of its own. *Woodrow v. Younger*, 61 Mo. 395; *State ex rel. v. Burckhartt*, 83 Mo. 439; *Kennard v. Peck*, 19 Mo.

App. 342; *Western v. Kribben*, 48 Mo. 47; *Prendergast v. Eyerman*, 16 Mo. App. 387; *Caruth-Byrnes Co. v. Wolter*, 91 Mo. 484; *Donovan v. Barnett*, 27 Mo. App. 460; *Pullis v. Hoffman*, 28 Mo. App. 666.

*Edwin Silver* and *Edwards & Davison* for respondent.

(1) This case was one which involved an examination of a long account; was referable without the consent of the parties, and the trial court could therefore correct the findings of the referee on the evidence. *Caruth-Byrnes Co. v. Wolter*, 91 Mo. 484; *State ex rel. v. Hurlstone*, 92 Mo. 327. (2) The report of the referee, as corrected and amended by the court, stands as the verdict of a jury, and the supreme court will not interfere on the question of the weight of the evidence. It will not reverse the judgment in an action at law, unless there is an absolute failure of proof. *Caruth-Byrnes Co. v. Wolter*, 91 Mo. 485; *Russell v. Berkstresser*, 77 Mo. 417; *Crane v. Timberlake*, 81 Mo. 431; *Webb v. Webb*, 87 Mo. 541; *Rothschild v. Railroad*, 92 Mo. 91.

SHERWOOD, J.—This was an action at law on an account, the petition containing eleven items. D. H. McIntyre was appointed referee by consent, heard the evidence, and returned the same with this report. There were three counts in the petition. The referee found for the plaintiff on the first and second counts, but for the defendants on the third count, upon the ground that there had been a full and complete settlement between the parties litigant of all the matters embraced therein. On the coming in of the report, plaintiff filed exceptions which were overruled as to the first and second counts, but sustained as to the third count, as to which the circuit judge set aside the finding of the referee and found in favor of the plaintiff in a considerable amount.

I.   This being a law case, the special judge exceeded his powers in setting aside and amending the report of the 'referee.   He had the power, doubtless, to set it aside altogether, if dissatisfied with it, just as he could the verdict of a jury; but he had no more power to *amend* the finding of the referee than to amend the verdict of a jury.   *Caruth-Byrnes Co. v. Wolter*, 91 Mo. 484.   The case just cited is decisive of the case at bar.

II.   But, upon the merits of the case, we are of opinion that the referee is fully sustained by the testimony, showing most abundantly that all of the matters pertaining to the third count had been fully settled between the parties.   As the substance of the testimony will accompany this opinion, it is unnecessary to discuss it, as it speaks for itself.

The judgment will be reversed, and a judgment will be entered here in accordance with the findings of the referee.   All concur.   BARCLAY, J., concurs on the ground stated in the second paragraph of the opinion.