WEATHERFORD v. KING; WEATHERFORD *et al.*,
*Appellants.*

Division One, December 23, 1893.

1. **Homestead:** SALE OF BY WIDOW: STATUTE. A widow could, under
Wagner's Statutes, page 698, section 5, convey her unallotted home-
stead, notwithstanding it existed in a tract of land which was in
excess of the quantity and value to which the homestead was limited
under the law. *(Miller v. Schnebly,* 103 Mo. 368, *disapproved.)*

2. **Partition:** HOMESTEAD: DOWER. Partition is a proper proceeding in
which to assign a homestead and dower.

*Appeal from Franklin Circuit Court.*—HON. RUDOLPH
HIRZEL, Judge.

AFFIRMED.

*J. C. Kiskaddon* for appellants.

(1) Whenever necessary, by reason of any pro-
ceeding pending, the probate court, and in some cases,
other courts, may set out to the widow her homestead.
But the law nowhere authorizes it to be set out to any-
body but the widow personally. Revised Statutes, 1879,
secs. 2693, 2694, 2697. (2) The widow in this case was
entitled to quarantine in the whole farm. Revised
Statutes, 1879, sec. 4533. This is a life estate, is vendible
by her, and no laches can be imputed to the heir who
stands by and sees the widow deal with the property as
her own. *Holmes v. Kring*, 93 Mo. 452; *Roberts v.
Nelson*, 86 Mo. 21; *Jones v. Manly*, 58 Mo. 559; *Brown
v. Moore*, 74 Mo. 633. She never exercised her right of
having her homestead assigned to her in her deceased
husband's land, and, therefore, until such homestead
was ascertained by analogy with dower, she only had a
quarantine. (3) At common law unassigned dower

consummate is not vendible. *Jackson v. Aspell*, 20 Johns. (N. Y.) 411; *Jackson v. Vanderburg*, 17 Johns. (N. Y.) 167; *Hildreth v. Thompson*, 13 Mass. 191; *Sigler v. Van Riper*, 10 Wend. (N. Y.) 414. Nor can the widow maintain ejectment for her dower until it is ascertained by assignment. *Doe v. Nutt*, 12 Eng. C. L., 205; *Jackson v. Aspell*, 20 Johns. (N. Y.) 411. And yet dower, being an estate for life, is as much a freehold as an estate in fee. 2 Black. Com., 104. But dower consummate before assignment is not yet an estate or freehold, but merely a personal right of action against the land. *McClanahan v. Porter*, 10 Mo. 746; *Waller v. Mardus*, 29 Mo. 25. (4) Consequently, it has been held by this court that by analogy with dower consummate unassigned, an unassigned homestead is not vendible. *Miller v. Schnebly*, 103 Mo. 368. And in *Rogers v. Marsh*, 73 Mo. 64, while not expressly so decided, it seems to be a necessary inference that where the land exceeds one hundred and sixty acres in quantity, the homestead does not vest until commissioners are appointed and the homestead allotted. In Georgia, although there is no law prohibiting it, it is held that a widow cannot alienate her homestead even after allotment. *Whittle v. Samuels*, 54 Ga. 548.

*C. F. Gallenkamp* for respondents.

(1) At the time of Burnell Weatherford's death, September, 1872, he being a head of a family, having a right of homestead in the land and premises here in controversy, being occupied and used by him as his home up to the time of his death, and owned by him in fee—the interest acquired by Susan P. Weatherford, his widow, in said premises was a fee simple estate, and the estate vested in her on the death of said Burnell Weatherford. 1 Wagner's Statutes, sec. 5, p. 698;

*Skouten v. Wood*, 57 Mo. 380; *Freund v. McCall*, 73 Mo. 343; *Burgess v. Bowles*, 99 Mo. 543; *Case v. Mitzenburg*, 109 Mo. 311; *Colvin v. Hauenstein*, 110 Mo. 575; *Van Syckel v. Beam*, 110 Mo. 589; *Anthony v. Rice*, 110 Mo. 224; *Canole v. Hurt*, 78 Mo. 649. (2) Being vested with a fee simple estate she was vested in the same manner that title vests by descent in heirs. She could convey to whom she pleased, and pass her right, title and interest in the homestead, although not set out to her by commissioners; and by her conveyance to S. P. Weatherford and Sarah F. King, February 19, 1891, they became the owners in fee of her homestead right. *Case v. Mitzenburg*, 109 Mo. 311; *Anthony v. Rice*, 110 Mo. 224; *Colvin v. Hauenstein*, 110 Mo. 575; *Van Syckel v. Beam*, 110 Mo. 590.

MACFARLANE, J.—The suit is for the partition of three hundred and nine and one-half acres of land in Franklin county. The title to the land comes through one Burnell Weatherford, who died seized and possessed thereof in 1872. Deceased left surviving him his widow, Susan P. Weatherford, and a number of children. At the time of his death and prior thereto, he lived upon the land with his family and used it as a homestead. After his death his widow, with her family, continued to occupy the homestead until the nineteenth of February, 1891, when by a deed, sufficient in form, for the consideration of one dollar "and other considerations," she conveyed to respondents, her children, Sarah F. King and Samuel P. Weatherford, the following portion thereof: "The south half of the southeast quarter, the northwest quarter of the southeast quarter and the southwest quarter of the northeast quarter, all in section 2, township 41, range 1 west, containing 160 acres more or less, being my homestead on which I now live."

It was agreed on the trial that the whole three hundred and nine and one-half acres lay in one body. That the land so conveyed by this deed included the dwelling house in which deceased at his death, and his widow afterwards and until the sale, resided, and contained also all the cultivated land, the remainder being unimproved. Neither homestead nor dower was ever assigned to the widow. No one other than the widow had possession or control of any part of the entire tract from the death of her husband until her conveyance. The evidence also tended to prove that the land conveyed as the homestead does not exceed one hundred and sixty acres in quantity or $1,500 in value, and when the conveyance was made all the children·had attained their majority.

There is no dispute among the parties to the suit, as to their respective rights and interest in the land, except as they may be affected by the deed from the widow. The court found and adjudged on this question "that Samuel P. Weatherford and Sarah F. King are each entitled to an undivided half interest in so much of that part of the lands aforesaid conveyed to them by their mother, Susan P. Weatherford, by her deed dated the nineteenth day of February, 1891, as hereinbefore described, as may be ascertained, allotted and assigned to them as the homestead interest of said Susan P. Weatherford in said lands at the time of said conveyance." The court by this finding and judgment gave effect to the deed of the widow. The other parties appeal.

It will be seen from the foregoing statement that the only question involved in this appeal is whether, under the law in force at the date of her husband's death, a widow could effectually convey her unallotted homestead, in case it existed in a tract of land in excess of the quantity and value to which it was limited under

the law. The husband died in 1872 seized in fee of the entire tract of three hundred and nine acres on which he had his residence and in which the homestead existed. The statute in force at the time provided: "If any such housekeeper or head of a family shall die, leaving a widow or any minor children, his homestead, to the value aforesaid, shall pass to and vest in such widow or children, or if there be both, to such widow and children, without being subject to the payment of the debts of the deceased, unless legally charged therein in his lifetime; and such widow and children, respectively, shall take the same estate therein of which the deceased died seized, *provided*, that such children shall, by force of this chapter, only have an interest in such homestead until they shall attain their majority; and the probate court having jurisdiction of the estate of such deceased housekeeper or head of family, shall, when necessary, appoint three commissioners to set out such homestead to the person or persons entitled thereto." Wagner's Statutes, sec. 5, p. 698.

It is clear from the reading of this statute that after the children of Burnell Weatherford attained their majority the widow took a fee simple title to the land comprising the homestead. This homestead is defined by the first section of the act concerning homesteads to consist of "a dwelling house and appurtenances and the land used in connection therewith" not exceeding one hundred and sixty acres in quantity or $1,500 in value. "The law declares her title to be the same as her husband had, and, as he had a fee simple, she enjoys the same and can dispose of it as she pleases." *Skouten v. Wood*, 57 Mo. 380.

The case cited first gave construction to the statute and has been followed, without question, by many subsequent decisions and is the well settled law of this state, as applied to homesteads of the widow after it

has been assigned and set out to her, or in case the entire homestead of the husband did not exceed the quantity and value fixed by the statute.

In the case of *Skouten v. Wood, supra*, the homestead had been set off to the widow and the court held that her heirs inherited to the exclusion of those of her husband. To the same effect was *Canole v. Hurt*, 78 Mo. 649.

In *Rogers v. Marsh*, 73 Mo. 64, the minor children were adjudged the possession of an unallotted homestead against the purchaser under a sale by the administrator of the deceased father who held the homestead at his death. The widow had removed from the homestead. In that case the quantity of the homestead was eighty acres and its value less than $1,500. On objection that the homestead did not vest in the widow and children because it had not been set off to them, the court said: "This position is not maintainable, for the reason that the homestead only consisted of eighty acres of land of the value of $1,000; and it not being in excess, in either quantity or value, of what the law allowed as a homestead, no necessity existed for the appointment of commissioners, especially so, as it does not appear that Rogers owned the land."

In *Van Syckel v. Beam*, 110 Mo. 591, a sale, by the widow, of the homestead, derived from her husband, was upheld though it had never been set off to her. In this case also the land was less in quantity and value than was allowed by the statute for homestead.

In *Case v. Mitzenburg*, 109 Mo. 313, the tract of land in which the homestead existed consisted of about five hundred acres. In a partition of the tract among the heirs about one hundred acres was set apart to the widow, as dower. It was held that, on the death of the widow, this one hundred acre tract descended as her

homestead to her heirs, and not to those of her husband. It will be observed that section six of the act requires the homestead and dower to cover and include the same land in case the dower does not exceed the value of the homestead.

These adjudications clearly show that under the homestead law of 1868, the rights taken by the widow, after any minor children attained their majority, was not a mere exemption, or a right dependent upon the insolvency of the husband at the time of his death, or upon the action of the widow or others having the homestead assigned but, as was said in an early case, the evident purpose of the act was to "take the home-homestead from under the operation of the general law of descents and create an estate in fee therein in the widow." *Freund v. McCall*, 73 Mo. 346.

We might conclude by saying that the right and power of alienation is a necessary and inseparable incident to the ownership of land in fee. When we say that the widow took the fee in the homestead we also declare, as legally incident thereto, that she took the right to sell and convey it.

But we think that this court, in a recent case, has virtually held that the widow has the power to alienate her homestead acquired under the act of 1868, though it existed in a larger tract than she was entitled to take, and also that the alienee could have the same assigned and set off in a suit for the partition of the whole tract. *Colvin v. Hauenstein*, 110 Mo. 579. In that case the widow had conveyed all her interest as the widow of Thomas Cox and the purchaser claimed the homestead. The suit was partition of a tract of three hundred and twenty acres which included the homestead. The grantee of the widow was in possession. The court said, in speaking of that possession taken under her deed, that "he stepped into her

shoes.'' That is, by the deed acquired all her rights.

The court further says, "partition is a proper proceeding in which to assign dower and also homestead and the rights of the parties can be adjusted in this suit."

The consideration of this question has been more extended than may seem necessary but is made in view of the decision in the case of *Miller v. Schnebly*, 103 Mo. 368, in which a contrary opinion was held. It is evident from the authority relied upon that the learned judge, who wrote that opinion, and his associates, who concurred therein, overlooked the important provision of the law that the widow took an estate thereunder and not merely the right to acquire one, depending upon an assignment as in case of dower. GANTT, P. J., of division two, who has been consulted, and myself, who concurred in that opinion, think it should not be followed.

Judgment affirmed. All the judges of this division concur, except BARCLAY, J., who is absent.