SCHORR v. ETLING, *Appellant.*

*Division One, July 9, 1894.*

1. **Husband and Wife:** DOWER: WILL.   A devise of real estate by a husband to his wife is at common law held to be in addition to dower, unless the intention to exclude the latter can be gathered from the terms of the will, expressed or implied.

2. ———: ———: ———.   The foregoing rule of the common law has been changed in this state by statute.   (R. S. 1889, secs. 4527, 4528.)

3. ———: HOMESTEAD: WILL.   Where a testator, after making a will giving his wife a life estate in land, acquires a homestead, the wife may take both the homestead and under the will, and this is true under the homestead law of 1865.

4. ———: ———: ———: ELECTION.   Where there is no inconsistency between taking the devise under the will and the homestead under the law, the widow will not be required to elect.

5. ———: ———: ———.   A devise to a wife of all the testator's "mixed" property will not be construed into a devise of a homestead.

*Appeal from St. Louis City Circuit Court.*—HON. L. B. VALLIANT, Judge.

REVERSED AND REMANDED.

*John Johnston* for appellant.

(1) The homestead law in force in 1872, vested the fee simple title in Regina Schorr, testator's widow, and the court, therefore, erred in refusing defendant's instruction.   *Skouten v. Wood,* 57 Mo. 383; *Gragg v. Gragg,* 65 Mo. 343; *Kaes v. Gross,* 92 Mo. 647; *Rockhey v. Rockhey,* 97 Mo. 76; *Case v. Mitzenburg,* 109 Mo. 311.   (2) There was no evidence that the interest

devised by Adam Schorr's will to his widow, was greater in value than the widow "would have the right to take under the law without reference to any will." "Plaintiff did not establish in this case that it was greater. Without such showing, the homestead, the subject of this action, must be regarded as vested absolutely" in the widow. If this proposition of law be correct, the court erred in refusing the instruction, number 3, asked by defendant. *Burgess v. Bowles*, 99 Mo. 544; *Cummings v. Cummings*, 51 Mo. 261; *Hastings v. Myer's Administrator*, 21 Mo. 519. (3) As to this property sued for, Adam Schorr died intestate, unless the words "all mixed property whatever I may be possessed of at the time of my death," be construed to include this subsequently acquired real estate, regardless of the fact that in the next following clause of the will, the testator uses the same word, "mixed," in contradistinction to real and personal property. (4) The will of Adam Schorr, rightly construed, vests the title in fee to all the real estate devised, in Regina Schorr. 2 Woerner's American Law of Administration, 948, sec. 439; p. 955, sec. 441.

*J. E.* and *J. F. Merryman* for respondent.

(1) The will of Adam Schorr gave his widow only a life estate with remainder at her death to his and her relations. *Schorr v. Carter*, 120 Mo. 409. "When a particular expression in a will has received a definite meaning by express adjudications, that meaning ought to be adherred to for the sake of uniformity and of security in the disposition of landed property." 4 Kent's Com., *540; *Grumley v. Webb*, 48 Mo. 609; *Chamber's Adm'r v. Smith's Adm'r*, 30 Mo. 156. (2) In his will Adam Schorr makes an heir and devisee to his estate that the law does not make. If he had died

intestate, having no children, as the record shows he did not have, his estate would have passed to his widow, Regina, and to respondent, as his nearest relation and legatee. But in his will he makes his wife's relations an equal heir with his relations, so, surely, he did not intend to die intestate as to any of his property, whether real or personal, and he so expressed it in his will. It is a natural presumption that the testator is presumed to intend a disposition of his whole estate, and not to die intestate as to any part of it. As the testator's will is the law, why make that law apply to one part of his estate and leave the other part go by the general law of descent. *Ibbetsom v. Beckwith,* Talbot's Cases, 161; *Winchester v. Foster,* 3 Cush. 366; *Leak v. Robinson,* 2 Mer. 385; *Farish v. Cook,* 78 Mo. 220; *Gaines v. Fender,* 57 Mo. 342; 4 Kent's Com., *510, *512. "A devise of personal property carries all the testator had at the time of his death. And it may be added, the same rule now prevails generally in this country as to real estate. A will speaks from the death of the testator, and not from its date, unless its language, by fair construction, indicates the contrary intention." 1 Redfield on Wills, * 379, 380, subsection 2; see, also, note 2 on same page; same book, pages * 381, 382, and notes; pages * 387, 389, and notes.

MACFARLANE, J.—This suit is ejectment to recover a certain lot in the city of St. Louis. The rights of the parties depend upon the construction of the will of Adam Schorr, deceased, and of the homestead law which was in force in 1872. The testator by the first three clauses of his will gives to his wife, Regina, three distinct parcels of land in St. Louis, describing each of them. By the fourth clause he gives her four shares of corporate stock, "and all mixed property I may be possessed of at the time of my death, and after her

death, all real, personal and mixed property of whatever she, the said Regina Schorr, may be possessed of at the time, shall be equally divided between my next relations and her next relations or heirs, that is to say, after the payment of all just debts and funeral expenses." This will was dated May 20, 1861.

The land in dispute was not specially devised under the will, in fact it was not acquired by the testator until 1866. The evidence tended to prove that after its acquisition it was used by the testator and his wife as a homestead until his death, which occurred in 1872, and was within the value and quantity allowed by law for a homestead. There were no children by the marriage of Schorr and wife and no relatives of the wife are known.

Plaintiff, who is the nephew and only heir at law of the testator, claims title under the will. Defendant claims under a deed from the widow, who died in 1885. The widow accepted the provisions made for her by the will.

Under the evidence the court found for the plaintiff and judgment was rendered accordingly, and plaintiff appealed.

This court in a recent case involving the title to one of the parcels of land specifically devised, held that the will in question gave to the widow of the testator a life estate only, in that land, with remainder to the heirs of himself and his wife Regina. *Schorr v. Carter*, 120 Mo. 409. Plantiff must recover also in this case if the life estate in this after-acquired property passed to the widow under the will. If, on the other hand the title passed to the widow under the homestead law, then defendant must recover.

The homestead law of 1865, which was in force at the death of the testator in 1872, gave to the widow a

fee to the land occupied as a homestead by her deceased husband. *Skouten v. Wood*, 57 Mo. 383.

Unless, then, Mrs. Schorr, by accepting the provisions of the will defeated her right to homestead, she took an absolute title to the land in controversy by virtue of the homestead law and defendant, claiming under a deed from her, is entitled to the possession.

Under our statute a devise of real estate is declared to be in lieu of dower unless a different intention is expressed by the testator. In such case the widow will not be endowed unless she shall renounce the provisions made for her by the will. R. S., secs. 4527, 4528. The homestead law of 1865 contains no such provisions, and that of 1875 in express terms excepts the estate of homestead from the laws relating to devises.

At common law a devise of real estate by a husband to his wife was held to be in addition to dower unless from the terms of the will, expressed or necessarily implied, the intention to exclude the right of dower can be gathered. 2 Scrib. on Dower [2 Ed.], 440. As before stated this rule has been changed by our statute.

It has been held by this court, and is the well settled law in this state, that the widow can not, by the will of her husband, be deprived of the rights secured to her under the homestead law of 1875. The homestead passes to the widow by operation of law and is expressly excepted from the operation of the will of her husband. "The will of the husband must yield to the will of the legislature." *Kaes v. Gross*, 92 Mo. 659; *Rockhey v. Rockhey*, 97 Mo. 76; *Kleimann v. Gieselmann*, 114 Mo. 444; *Burgess v. Bowles*, 99 Mo. 550.

The homestead law of 1865, not exempting the rights of the widow from the operation of the will of

the husband, she can be excluded from her homestead by devises made by him, provided she accepts the provisions made for her in lieu thereof. Hence it has been held that the doctrine of election should be applied in determining whether she shall have her homestead by right under the statute, or the benefit of the will. *Burgess v. Bowles, supra; Davidson v. Davis,* 86 Mo. 442; *Meech v. Estate of Meech,* 37 Vt. 419.

It is said in the case last cited, in construing the statute which was adopted under our act of 1865, that the dower and homestead laws are so much alike, and being for the same general objects, "that no distinction can be made as to the rules applicable to them when the question of election between them and a will arises."

The homestead, as dower, is vested in the widow by operation of law and without the act or will of the husband, and in spite of them. It follows that, unless the intention to exclude these rights is manifest from the provisions of the will, they will not be excluded; she can claim both the benefits given her by the law and the will. The intent of the testator to dispose of that which is not his should appear upon the will. *Stratton v. Best,* 1 Ves. Jr. 285; *Gibson v. Gibson,* 1 Drew. 42; *Streatfield v. Streatfield,* 1 White & Tudor's Leading Cases in Equity, 524, and cases cited.

The principle of election rests upon the equitable ground that no man can be permitted to claim inconsistent rights with regard to the same subject. Leading cases, *supra,* note.

In *Pemberton v. Pemberton,* 29 Mo. 413, Judge Scott quotes approvingly the following language of Judge Marshall: " 'It is a maxim of a court of equity not to permit the same person to hold under and against a will. If, therefore, it be manifest, from the face of

the will, that the testator did not intend the provision it contains for his widow to be in addition to dower, but to be in lieu of it; if this intention, discovered in other parts of the will, must be defeated by the allotment of dower to the widow, she must renounce either her dower, or the benefit she claims under the will. But if the two provisions may stand well together, if it may fairly be presumed that the testator intended the devise or bequest to his wife as additional to her dower, then she may hold both.' In that case, on the will itself, the court determined that the testator did not intend the provision made for his wife to be additional to her dower, and she was not permitted to hold both." *Herbert v. Wren*, 7 Cranch, 378; 2 Story's Equity, sec. 1088.

The will of Adam Schorr does not in terms express an intention to exclude his wife from her homestead right; indeed the will was written some years before the law was passed and before the property was acquired and he could not have had such an intention. The homestead was acquired in 1866, and the testator did not die until 1872. The fact that no change was made in the will during that period is a circumstance of no little weight in determining that he intended that his wife should enjoy both the benefit of the law and of the will.

The homestead not having been excluded by the express terms of the will, the question is whether there is any such inconsistency between the benefits conferred upon the widow by the will and her legal right to homestead, as would require her to elect between them. In other words, could she consistently hold both interests?

If the testator made no disposition of the homestead there could be no such inconsistency. But it is insisted that indulging the presumption, which obtains, in construing a residuary clause of a will, that the testator did not intend to die intestate as to any of his property,

it appears that he intended to dispose of all of the property of which he should die seized. This is said to be a natural presumption which ought to have weight in construing doubtful phrases. *Farish v. Cook*, 78 Mo. 221, and cases cited. But "the rule has generally been applied in the construction of subsequent clauses of a will, when the first or prefatory clause disclosed the actual intent to devise everything." *Id.* See, also, *Gaines v. Fender*, 57 Mo. 342.

After a devise of specific real and personal property and all mixed property to his wife for life, the testator makes the following disposition of the remainder: "And after her death all real, personal and mixed property of whatever she, the said Regina Schorr, may be possessed of at the time, shall be equally divided between my next relations and her said next relations or heirs." The former part of the will makes no attempt to dispose of any property except such as is specifically named, and does not include an after-acquired homestead. The disposition of the remainder clearly refers to the property previously disposed of.

Whatever construction might be put upon the last clause of the will in regard to property the testator had the right to dispose of, we do not think an intention appears therein to deprive the wife of property and rights to after-acquired property to which she was entitled by operation of a law thereafter enacted. No such intention could have been in the mind of the testator. No such intention appears upon the will. There is no inconsistency between holding the specific property devised to her under the will and an entirely distinct property under the law. "The intent to exclude the widow from her legal right must clearly appear; if it be doubtful, she is not to be excluded." *Meech v. Estate of Meech, supra.*

In the cases of *Davidson v. Davis* and *Burgess v. Bowles, supra,* the testator undertook to dispose of the homestead, by giving his wife an interest therein different from that given by the law; the rights were inconsistent and they were held to be cases for election. In this case there is no inconsistency, and the widow was entitled to take what was given her under both the law and the will and was not required to elect between them.

The devise to the wife of all mixed property can not be construed into a devise of a homestead. The homestead in no sense partakes of the nature of personal property. In *Minot v. Thompson,* 106 Mass. 583, it was held that a leasehold will not be regarded as mixed property. Much less could a homestead.

Reversed and remanded. All concur.