BOGART et al., *Appellants*, v. BOGART et al.

Division One, April 3, 1897.

1.  **Widow**: DOWER: JOINTURE: STATUTES.  By a devise by a testator to his wife, as long as she may remain his widow, of all his real estate, and the rents and profits thereof, where the testator declares it to be his intention to thus provide for the raising and educating of his children, the real estate passed to the widow within the meaning of Revised Statutes 1889, section 4527, and the widow will not be endowed of said real estate unless she formally renounces such devise.

2.  ———: HOMESTEAD.  The widow's failure to renounce such devise does not deprive her of her right of homestead in the property.

3.  **Minors**: PARTITION: PLEADING: PARTIES.  In a proceeding in partition infant defendants must be represented by a legal guardian and curator, and where they are not thus made parties the purchaser at the sale made under the decree acquires no title as against them.

4.  ———: ———: EQUITABLE ESTOPPEL.  Where infant defendants in a partition suit, who were not represented by their legal guardian and curator, after arriving at full age accept their share of the purchase money arising from the sale under the decree, they thereby affirm the sale, and can not recover the land.

*Appeal from Ray Circuit Court.*—HON. E. J. BROADDUS, Judge.

AFFIRMED.

*Lavelock, Kirkpatrick & Divilbiss* for appellants.

(1) The will of William A. Bogart, deceased, is valid, and not having been renounced by his widow, Delilah Bogart, it determines her interest in his estate and is conclusive upon her. R. S. 1889, secs. 4527, 4528, 5435 and 5439; *Register v. Hensley*, 70 Mo. 189; *Davidson v. Davis*, 86 Mo. 440; *Burgess v. Bowles*, 99 Mo. 543; *Greer v. Major*, 114 Mo. 145. (2) The real estate sought to be partitioned by the *ex parte* proceedings, was not subject to partition between Delilah Bogart and her children, at the time such suit was instituted and the pretended interlocutory decree was rendered. R. S. 1889, sec. 7132. (3) The *ex parte* partition proceedings and pretended interlocutory judgment for partition was in violation of the provisions of the will of William A. Bogart, deceased, unauthorized by the statutes, prejudicial to interests of these plaintiffs, and the other children of William A. Bogart, deceased, and a fraud on their rights, and is therefore void. R. S. 1889, sec. 7142; Freeman on Cotenancy and Partition [2 Ed.], sec. 439, p. 581; *Cubbage v. Franklin*, 62 Mo. 364; *Williams v. Hassel*, 74 N. C. 434; *Outcalt v. Appleby*, 36 N. J. Eq. 73. (4) In partition proceedings, the judgment for partition and order of sale is merely interlocutory, and the judgment does not become final until the sale is reported and approved by the court. *Parkinson v. Caplinger*, 65 Mo. 290; *Rhorer v. Brockhage*, 15 Mo. App. 16; *Turpin v. Turpin*, 88 Mo. 337; *Harbison v. Sanford*, 90 Mo. 477; *Holloway v. Holloway*, 97 Mo. 628; *Buller*

*v. Linzee*, 100 Mo. 95; *Burden v. Taylor*, 124 Mo. 12. (5) A replication setting up deception, imposition or fraud in the procurement of a judgment, pleaded in bar, or as estoppel of a right to recovery, is permissible and is not a departure from the original petition. R. S. 1889, secs. 2052, 2054; 3 Pomeroy's Estee's Plead. [3 Ed.], sec. 4581; Pomeroy's Remedies and Remedial Rights, sec. 85; *White v. Rush*, 58 Mo. 105; *Paddock v. Somes*, 102 Mo. 226. (6) The judgment obtained by deception, imposition or fraud, when relied on as a defense to an action, may be impeached for such deception, imposition or fraud in the procurement thereof, and when thus successfully impeached constitutes no bar. Freeman on Judg., sec. 250; 2 Black on Judg., sec 973; 2 Pomeroy's Eq. Jur., sec. 919; 2 Beach on Mod. Eq. Jur., sec. 921; *State v. Cole*, 48 Mo. 70; *Edgell v. Sigerson*, 20 Mo. 494; *Higgins v. Peltzer*, 49 Mo. 152; *Marx v. Fore*, 51 Mo. 69; *Ward v. Quinlivin*, 57 Mo. 425; *McClanahan v. West*, 100 Mo. 309. (7) Estoppel by judgment can only arise where the judgment is final. Bigelow on Estoppel, p. 19; Freeman on Judg., sec. 251; 2 Black on Judg., sec. 695; Wells on Res Adjudicata and Sta. Dec., sec. 441; *Garrett v. Greenwell*, 92 Mo. 120; *Railroad v. St. Louis*, 3 Mo. App. 315; *Rockwell v. Dist. Ct.*, 17 Col. 118; 31 Am. St. Rep. 265; *McReady v. Rogers*, 1 Neb. 124; 93 Am. Dec. 333; *Proctor v. Cole*, 104 Ind. 373; 3 N. E. Rep. 106. (8) The plaintiffs are not estopped from asserting their title to the land in dispute. The defendant was not induced to purchase at the pretended partition sale by any act or declaration of the plaintiffs, but upon the contrary had full knowledge of all the facts invalidating the title to the land he was purchasing, and acted on his own information and knowledge; and in such case, the doctrine of estoppel *in pais* will not obtain.     2 Pomeroy's Eq., secs. 805–8; 2 Beach on

Mod. Eq. Jur., secs. 1096, 1097, 1108; *Blodgett v. Perry*, 97 Mo. 263; *City of St. Louis v. Lumber Co.*, 98 Mo. 613; *Scrutchfield v. Sauter*, 119 Mo. 615; *Douglass v. Cissna*, 17 Mo. App. 44; *Wurmser v. Frederick*, 62 Mo. App. 634. (9) In order to constitute estoppel *in pais*, it is indispensable that the defendant should have been misled to his prejudice by some act or declaration of the plaintiffs before, or at the time of the sale—he must have been induced to purchase by the acts complained of. Anything occuring after the sale will not suffice. Bigelow on Estoppel, 560; 2 Pomeroy's Eq. Jur., sec. 812; 2 Beach on Mod. Eq. Jur., sec. 1101; *Bales v. Perry*, 51 Mo. 449; *Eitelgeorge v. B'ld'g Ass'n*, 69 Mo. 52; *Spurlock v. Sproule*, 72 Mo. 503; *Burke v. Adams*, 80 Mo. 504; *Scrutchfield v. Sauter*, 119 Mo. 615. (10) The partition proceedings being void, it is not necessary that plaintiffs should return or offer to return the purchase money before instituting this suit. *Valle v. Fleming*, 19 Mo. 454; *Henry v. McKerlie*, 78 Mo. 416; *Campbell v. Laclede Gas Light Co.*, 84 Mo. 352; *Foote v. Clark*, 102 Mo. 408; *Bone v. Tyrrell*, 113 Mo. 175.

*Farris & Son* and *J. E. Ball* for respondent.

(1) Delilah Bogart as the widow of William A. Bogart, deceased, was not required to renounce the will. She is entitled to homestead and dower in said real estate, notwithstanding the provisions of the will and the same was subject to partition and sale. The rights of the widow accrued under the homestead law of 1875. Sess. Acts 1875, pages 60 and 61. *Kaes v. Gross*, 92 Mo. 647; *Davis v. Morgan*, 97 Mo. 76; *Burgess v. Bowles*, 99 Mo. 543; *Kleimann v. Gieselamann*, 114 Mo. 437; *Schorr v. Etling*, 124 Mo. 42. (2) The petition for partition, was a proper proceeding to set off dower and homestead and to ascertain and to declare the

rights of the children and heirs at law of William A. Bogart, deceased. The land sought to be partitioned largely exceeded in value and area the amount allowed as homestead, and the homestead having never been set off to the widow and children and no assignment of dower having been made, all of said land was subject to partition, and the widow and the adult heirs had the right to have their interest ascertained and declared and the widow's interest commuted. R. S. 1889, sec. 7132. *Colvin v. Hauenstein et al.*, 110 Mo. 575; *Rolf v. Timmermeister*, 15 Mo. App. 249; *Beckner v. McLinn et al.*, 107 Mo. 277; *Hufschmidt et al. v. Gross et al.*, 112 Mo. 649; *Weatherford v. King*, 119 Mo. 51. (3) The judgment of partition is a final judgment. *Holloway v. Holloway*, 103 Mo. 274; *Goode v. Lewis*, 118 Mo. 357; *Hart v. Steedman*, 98 Mo. 452. (4) A judgment in partition is as conclusive as any other judgment and is not rendered invalid by reason of the failure of the sheriff to make his report of sale. *Akers v. Hobbs*, 105 Mo. 127. (5) The judgment of the court in the *ex parte* partition proceedings or Delilah Bogart *et al.*, is not void; it appears from the record of that suit that the court had jurisdiction both of the subject-matter and the parties to it. If the court then having jurisdiction, in exercising it, rendered a wrong or erroneous judgment, such judgment is not void, nor is it, of the title acquired by a purchaser under it, subject to collateral attack by a party to the suit. *Lewis v. Morrow*, 89 Mo. 174; *Gray v. Bowles*, 74 Mo. 419. (6) The minors as well as the adults in the *ex parte* partition suit are estopped from setting up any claim to the land in dispute. *Kerr v. Bell*, 44 Mo. 120; *Austin v. Loring*, 63 Mo. 19; *Fischer v. Siekmann*, 125 Mo. 165.

BRACE, J.—This is an action in ejectment to recover possession of a tract of land in Ray county con-

taining about one hundred acres. The answer is a general denial, and a plea of equitable estoppel. The common source of title is William A. Bogart, deceased, who died testate, on the sixteenth of June, 1875, seized in fee simple of the premises, which was a part of his home farm, of three hundred acres, leaving surviving him his wife Delilah, and six minor children, George W., Marticia A., Elizabeth A., Orvilla, Ulysses and Rosezella, his only heirs at law, living with him at the time, on the farm.

The plaintiffs are the said Rosezella, George W., Elizabeth A., and the husband and a daughter of the said Orvilla, since deceased, who claim title as heirs at law and grantees of the other heirs at law of said deceased. It was admitted on the trial ''that the other heirs of William A. Bogart have conveyed their interests in the land described in plaintiff's petition,'' to whom is not said; but as the argument on both sides seems to assume that the conveyance was to the plaintiffs, we so treat the admission. The defendants claim under a sheriff's deed to John Bogart, dated February 11, 1886, in partition of the real estate of said deceased, among his widow and heirs at law, made in pursuance of a sale under a judgment of the circuit court of said county. The case was tried before the court, the finding and judgment were for the defendants, and the plaintiffs appeal. By the last will and testament of the said William A. Bogart, deceased, of which his wife, the said Delilah, was thereby appointed executrix, after directing that certain of his real estate therein described, other than the home place aforesaid, be sold for the payment of his debts, he made the following devise of his remaining real estate, being the home place aforesaid, and in which is included the premises in question, to wit:

''I give and devise unto my said wife, Delilah Bogart, all of my lands, tenements and personal prop-

erty, and all pertaining to my premises, during the time that she remains my widow and the rents, issues and profits during said period of time; said legacy given to my said wife as aforesaid, I hereby declare is intended to be used in raising and educating my children and for natural love and affection."

Mrs. Delilah Bogart qualified as executrix of her husband's estate, duly administered the same, and made final settlement thereof in August, 1877, and with her children continued to reside on the home place until 1885.

At the November term, 1884, of the circuit court of Ray county, a judgment of partition of the real estate last aforesaid, in an *ex parte* proceeding theretofore instituted in that court, for that purpose, by the petition of the said widow and all of her said children (in which it was alleged that the said Orvilla, Ulysses S., and Rosezella, are minors, and that the said Delilah is their lawful guardian) was rendered, in which it was so found; and that said Delilah relinquished all her rights under said will, and is entitled to homestead and dower in said real estate and that subject thereto each of her said children as heirs at law of the said William A. Bogart, deceased, is entitled to an equal one sixth part thereof; that said real estate is not susceptible of division in kind; and thereupon it was ordered that the same be sold, the widow's dower and homestead be commuted, and the proceeds distributed among the parties according to their respective rights and interests as found by the court. At a sale made in pursuance of such judgment on the thirteenth of February, 1885, the defendant John Bogart became the purchaser of the premises in question for the sum of $1,925, and upon payment of the purchase price, in pursuance of the terms of sale, received the sheriff's deed therefor under which defendants claim, bearing date the eleventh

day of February, 1886, and which on the thirteenth of
the same month was acknowledged by the sheriff in
open court and duly filed for record.  He thereafter
went into possession of the premises under his deed,
made valuable improvements, and he and his code-
fendants ever since have been in possession of the
same, claiming under said deed.  It was admitted on
the trial that the said Orvilla was born June 27, 1867,
Ulysses S., October 19, 1869, and Rosezella, March 31,
1872, consequently all these were minors at the time of
the judgment and proceedings in partition.    The other
children were adults.    It was also admitted that the
said Delilah never had been appointed by any court
guardian or curator of her said minor children, prior
to the year 1885, when she removed to the State of
Kansas, where, in June, 1888, she intermarried with
one John Kinsey.

Several sales were made in the partition proceed-
ing, before the whole of the real estate was disposed of,
the sales reported, the widow's dower in the whole land
commuted at $400, order of distribution made, and the
cause continued from term to term to await the sheriff's
distribution until the June term, 1889, when the case
went off the docket without any final report of the
sheriff, and without any final order approving the sales
appearing on the record.

The evidence tends to prove that the plaintiff and
the other children were fully cognizant of the proceed-
ings in partition, the adult, George W., being the pur-
chaser of a forty acre tract of the land at one of the
sales, and he and his adult sisters, Elizabeth and Mar-
ticia, receiving their share of the proceeds of the sales
as made, and Orvilla, Rosezella and Ulysses, minors,
receiving their shares as they became of age, the share
of Ulysses having been paid to his mother who had
qualified as his guardian in Kansas, and afterward

admitted to have been received by him as shown by the testimony of one of the witnesses. There was no evidence of a renunciation by the widow of the provisions of the will, except the statement contained in the judgment which is in the present tense. The papers in the partition proceeding were lost or destroyed.

1. It may be conceded that by the provision of the will quoted, real estate was passed to the widow within the meaning of section 4527, Revised Statutes, 1889, and that having failed to renounce the provision made for her in the will in accordance with the requirements of section 4528, she did not have dower in the real estate of the deceased husband at the time the partition proceedings were had. Her failure, however, to make such renunciation did not deprive her of her right of homestead therein. Sess. Acts 1875, p. 60; *Schorr v. Etling*, 124 Mo. 42, and cases cited. The testator having made no disposition of the fee of the real estate, it descended to his children subject to the widow's right, and as in the proceeding she renounced all claims under the will, as found by the court in its judgment, the children were tenants in common, each of an equal undivided sixth part of the real estate in fee, subject only to the right of the widow and her minor children to homestead therein, and there was nothing in the will or otherwise to impair the jurisdiction of the court to assign such homestead, and make partition and sale thereof, provided all the parties had been properly brought into court for that purpose. R. S. 1889, sec. 7132; R. S. 1879, sec. 3339, *et seq.* But as three of the children in the partition proceeding were not represented by a legal guardian or curator, viz.: Orvilla, Ulysses S., and Rosezella, their title was not affected by the judgment and order of sale, or the sale made in pursuance thereof, and as against them the

defendant failed to acquire title by the sheriff's deed made in pursuance thereof.

2.    It is contended that *no* title passed by the sale for the reason that same was not approved by the court. The record entries in the partition proceeding are confessedly meagre and unsatisfactory, unsupplemented or explained by the original papers which were lost or destroyed; and while no formal approval of the sale to the defendant appears by any of these entries, still it does appear that the sale of the real estate was reported; that upcn the faith thereof the widow's dower (as it is called) was commuted at $400, the expenses of the suit ordered to be paid, and the remainder of the proceeds to be distributed, and the cause continued from term to term to await such distribution.    This action of the court, which could only have been taken by the court by reason of its approval of the sale, we think, after the lapse of years, and the destruction of the original papers, should be considered a sufficient manifestation of that approval, as against the adult heirs, parties to the proceeding, who, in pursuance of such orders, received their full share of the purchase money paid by the defendant for the land at such sale; and as to these the judgment, sale, and sheriff's deed ought to be held conclusive, and that the defendants thereby acquired their title; but it is perhaps not necessary to so rule expressly, as, for the reasons stated in the next paragraph, a recovery of their interests can not be had in this action against the defendants.

3.    As to the three children who were minors, and as to whom the proceedings in partition were void, and whose title was not acquired by the defendant by his sheriff's deed, while they are not in the same, they are, perhaps, in no better position than the adults, so far as a recovery in this action is concerned; for having received their share of the purchase money, arising

from the sale under those proceedings, after arriving at full age, and thereby affirming the sale, they can not be permitted to recover the land in ejectment, and thus have both land and money.    This is well settled law in this State.    *Fischer v. Siekmann*, 125 Mo. 165, and cases cited.    To meet this equitable defense set up in the answer and applicable to all the interests claimed by the plaintiffs, a reply was filed charging the said Delilah Bogart with fraud in procuring said judgment of partition, and praying to have the same declared void and fraudulent.    To this reply it is only necessary to say that there was no evidence tending to show any fraud upon the part of said Delilah in procuring the judgment; that the defendant John Bogart purchased the land at the sheriff's sale, in good faith, being the highest and best bidder therefor, and paid full value for the land, and had no other connection whatever with the partition proceedings; and that the reply shows no equity whatever, not even an offer to return the purchase money.

The judgment is for the right party, and is affirmed.

All concur.    BARCLAY, C. J., however, expressing no opinion as to whether or not the partition judgment was void as to the minors.