MILLS *et al.*, *Appellants*, v. MILLS *et al.*

141    195
93a  ²515

Division One, November 3, 1897.

1. **Homestead:** WIDOW'S RIGHT PRIOR TO 1875. A widow, whose husband died in 1874, leaving no minor children, took his homestead in fee simple, and at her death it descended to her heirs.

2. ————: FACTS: ABANDONMENT: INTENTION: CASE DETERMINED. The intention of the homesteader is a material matter in determining whether or not the owner had abandoned his homestead prior to his death. The facts of this case reviewed and it is *held* that the evidence was ample to support the conclusion of the trial judge that the owner had not abandoned his homestead.

3. **Partition Before Final Settlement:** CONTINUANCE. No partition can be made of decedent's land among the heirs without provision is made for the discharge of the debts chargeable against his estate. A request to continue a cause in partition until the administration of the estate is closed, should be made before judgment on the plaintiff's title, in a partition suit.

*Appeal from Greene Circuit Court.*—HON. JAMES T. NEVILLE, Judge.

AFFIRMED.

*T. J. Murray* and *T. J. Gideon* for appellants.

(1) Did T. A. Mills abandon his homestead rights in the particular land described in plaintiffs' petition, and acquire a new homestead in the town lots purchased and occupied by him and his family in Brookline? *Kaes v. Gross*, 92 Mo. 647; Thompson on Homes and Exemp. 212, sec. 255. (2) The homestead means the home place—the place where the house is,—it is the home, the house and adjoining land where the head of the family dwells. G. S. 1865, p. 450, secs. 1, 2, 5; *Hoyt v. Webb*, 36 N. H. 158; *Hyatt v. Spearman*, 20

Iowa, 510; *Laing v. Cunningham*, 17 Iowa, 510.    (3) Where the owner of a place has not only removed but has established a new home elsewhere, the fact is conclusively proven that the former homestead was abandoned and this for the obvious reason that a man can not have two homesteads at the same time.    *Davis v. Kelley*, 14 Iowa, 526; *Kaes v. Gross*, 92 Mo. 647; *Titman v. Moore*, 43 Ill. 169; *Carr v. Rising*, 62 Ill. 14; *Smith v. Bunn*, 75 Mo. 559.

*John A. Patterson* for respondent.

BARCLAY, P. J.—This action is designed to effect a partition of the estates of the heirs at law of Mr. T. A. Mills, deceased, in certain real property in Greene county.    It does not appear necessary to state the pleadings.    The substance of the controversy can be outlined more shortly.

The chief issue is whether or not the land was the homestead of Mr. Mills at the time of his death.    Defendants contend that it was.    Plaintiffs assert that the place had been abandoned by him as a homestead in the manner described further on.    Plaintiffs and defendants are heirs of Mr. and Mrs. Mills; but the plaintiffs' claim to partition is founded on their relationship to Mr. Mills, while defendants resist partition on the theory that this land, as a homestead, became the property of Mrs. Mills at the death of her husband, and is subject to a lease made by her and also to the debts of her estate.    The latter has not yet been fully administered.

In 1874 Mr. Mills died seized of the tract of land which has caused the dispute in this action.    The tract consists of one hundred and forty acres in the country. It is worth not more than $8 an acre. Mr. Mills and his wife Nancy occupied it in his lifetime as a homestead for a number of years, beginning before the late

war.   There was a substantial dwelling house upon the land, and there were the usual improvements necessary to carry on a farm.  Mr. Mills had several children who lived with the parents on the home place.   Some of the children married and left home; others remained.  The old home was about four or five miles from Brookline, a town which was established when the railroad now operated by the St. Louis & San Francisco Railroad Company was built.   In 1871 the father, Mr. Mills, bought a piece of land in Brookline and opened a little store there.   There is testimony tending to prove that he retained possession of the old farm, cultivated it, and kept some of his family there.   He visited it frequently.  It was further shown in the same connection that he spoke of "going home" when he went out to the farm, and that "he always spoke of the farm place as his home."  He got supplies of produce from the farm. One of his sons (who was married) remained there with his wife, and managed the farming business with the help of a hired man, employed by Mr. Mills.  Mrs. Mills joined her husband at Brookline a short time after he opened the store there.   But she often came back to the farm and would stay a while.   Some of the household goods were taken to the house in Brookline, but many more remained for use at the old place.   The farm implements were not removed.   The family quarters in the town were in a small frame building, a portion of which was used as a store, and the rest as living rooms by those of the family who were there.

The town property was sold by the administrator of Mr. Mills and applied to his debts. Mr. Mills died in Brookline.   His widow immediately thereafter took up her abode at the farm, and remained there till her death in 1893.   Mrs. Mills made a lease of the property in question to one of defendants, Mr. Tine Mills.   The terms of this lease are not given in the abstract, or in

any part of the record before this division of the court. It was admitted at the trial that "the estate of Mrs. Nancy A. Mills, deceased, is not yet wound up and that there were claims against the estate, and not sufficient personal property to pay said claims or other real property not already partitioned belonging to said estate."

The cause was tried by the court without a jury. A finding for defendants resulted. No declaration of law was asked by any of the parties or was given by the court. The plaintiffs' petition was dismissed, whereupon plaintiffs took an appeal after an unsuccessful motion for new trial, and the saving of proper exceptions.

1. The defendants contend that the homestead of Mr. Mills vested in his widow and that plaintiffs have no right to partition as heirs of Mr. Mills. Plaintiffs deny that contention.

When Mr. Mills died, the law then in force (1874) as to homesteads governed in ascertaining the extent of the estate to which his widow was entitled. *Schorr v. Etling* (1894) 124 Mo. 42 (27 S. W. Rep. 395). By that law the widow and then minor children took the homestead in fee simple, as has been repeatedly declared. *Skouten v. Wood* (1874) 57 Mo. 380; *Weatherford v. King* (1893) 119 Mo. 51 (24 S. W. Rep. 772). There is no evidence that any one of the children of Mr. T. A. Mills was a minor when his widow died. Her title had apparently become complete in her lifetime, assuming that the land was the homestead of her husband at the time of his death. On that point there is ample evidence to support the conclusion reached by the learned circuit judge. The question of abandonment of the homestead was, on the facts above recited, a question of fact. The intent of the homesteader cuts a large figure in solving the question.

The testimony of his declarations of intent, accompanying his acts in moving to and fro between the farm

Mills v. Mills.

and his town store, was admissible as part of the *res gestae* explaining those acts. The trial court was not asked to declare what particular facts were requisite to constitute an abandonment. We are of opinion that the evidence sustained the finding that there had been no abandonment of the homestead by the senior Mr. Mills.

2. If the property was the absolute estate of Mrs. Mills when she died, it was subject to her then existing debts, in the circumstances described. Her estate is not yet closed, and no partition could be properly made without providing for the discharge of the debts chargeable against her estate.

Moreover, plaintiffs claim title through Mr. Mills. They have at no time put their case in a formal shape to demand partition as heirs of Mrs. Mills. On the contrary their reply denies her title, which the answer of some of defendants asserted.

Plaintiffs now insist that they were entitled to have the case continued by the court to await the settlement of Mrs. Mills' estate and then to have partition afterward as her heirs. But no such request was presented to the circuit court at any time before or after judgment. The circuit court can not be charged with error in such a particular where no opportunity was given to that court to consider the question of procedure involved in the point now suggested.

In the shape the controversy had assumed at the time it was submitted to the learned trial judge, it demanded the judgment he pronounced.

3. No other points than those above discussed have been advanced for a reversal.

The judgment is affirmed. MACFARLANE, ROBINSON and BRACE, JJ., concur.