## WILSON et al., Appellants, v. JOHNSON et al.

### Division Two, February 26, 1901.

**Homestead:** VALUES WHEN FIXED. In a partition suit, connected with which there is an assignment of dower and homestead to the widow and minor children under section 5439, Revised Statutes 1889, the value of the land at the time of the husband's death, and not its value at the time of its admeasurement, is to be ascertained and is to guide the commissioners in setting off the homestead. The value of the farm as it passed to her and the minors and not its value as affected by subsequent improvements or a rapid increase in the price of neighboring lands, is to be determined upon, and then the homestead is a lifetime interest by her and an interest by his minor children during their minority, in so much of the farm as was at his death worth $1,500. The other co-parceners have no interest in the enhanced value of the land caused by improvements placed thereon by her out of her own means.

Wilson v. Johnson.

Appeal from De Kalb Circuit Court.—*Hon. W. S. Herndon,* Judge.

AFFIRMED.

*Hamilton & Dudley* for appellants.

(1)   The court erred in instructing the commissioners to disregard the present value of the land.   The commissioners in this case should set out homestead in the same manner as in the case of executions.   R. S. 1899, sec. 3624.   In the case of executions the homestead is limited by section 3616, to the value of $1,500, at the time of setting it out, and the commissioners had no right to exceed that value at the time of setting it out.   R. S. 1899, sec. 3617.   In the case of executions a debtor may have a homestead exempt from his debts, but he must hold it subject to fluctuations in value.   If in time it increases in value so as to exceed the statutory value, it may be assigned again and the excess applied to his debt.   Beckner v. Rule, 91 Mo. 62; 9 Am. and Eng. Ency. of Law, 458. Where the homestead exceeds $1,500 in value, the estate does not vest in the widow and children until it is set out by commissioners. Rogers v. Marsh, 73 Mo. 64; Parks v. Riley, 5 Allen (Mass.) 77.   (2)   The motion to modify the decree should have been sustained.   Aull v. Day, 133 Mo. 337.   (3)   The report of commissioners should have been set aside.   R. S. 1899, sec. 4400.   The homestead is not a right, but a privilege.   There is no question of title involved.   The beneficiary is not vested with a title, but a privilege in land restricted by statute in quantity and value.   Section 3624, Revised Statutes 1899, says that, "whenever in any case not in this chapter otherwise provided for, it shall become necessary to set out homestead . . . . . . . the commissioners shall proceed in the same manner as in cases of levy of execution."   In cases of execution, the

value of the land is restricted to $1,500. And partition suits are cases not otherwise provided for by said chapter. So it is evident that it was the intention of the law that in all cases where it became necessary to set out a homestead by commissioners they should be restricted to $1,500, at the time of setting it out. It is not the intention of the law that the widow or the children shall enjoy greater rights than the head of the family, after his death, but the same rights. Then if the head of the family could not hold the excess of increased value in his lifetime, there is no good reason why his widow or children should, after his death, especially before the homestead has been set out.

*Kendall B. Randolph* for respondents.

(1) Under section 5439, Revised Statutes 1889, the homestead to the value of $1,500 passes to, and vests in, the widow or minor children. There can be no construction placed on this section of the statutes, other than that the widow or minor children take the homestead, in extent, as it stands at the death of the head of the family. Register v. Hensley, 70 Mo. 194; Burgess v. Bowles, 99 Mo. 547. This statute, so far as the question involved in this case is concerned, is identical with Wagner's Statutes, section 5, chapter 68, under which the following cases among others were decided: Skouton v. Wood, 57 Mo. 380; Gragg v. Gragg, 65 Mo. 343; Rogers v. Marsh, 73 Mo. 64. (2) The homestead, at the death of the husband, forms no part of the estate to be either administered or partitioned among the heirs. Under Wagner's Statutes, supra, the widow took the fee in the homestead. Under the present statute, she takes a life estate, with which difference the estate she takes is the same under both statutes. French v. Stratton, 79 Mo. 560; Hufschmidt v. Gross, 112

Mo. 657. (3) If the homestead of the head of a family is a mere privilege, it is not so as to the widow and minor children. With them it is a right, which, at the death of the head of the family, is a fixed and determined estate, the admeasurement of which determines only its boundaries. R. S. 1889, sec. 5439; Macke v. Byrd, 131 Mo. l. c. 691. The last mentioned case modifies to some extent the rule laid down in Beckner v. Rule, 91 Mo. 62, cited by appellant, and expressly declares that the rule there given is not intended to apply to the widow and minor children. The widow takes an estate and not merely the right to acquire one. Weatherford v. King, 119 Mo. 58; Hufschmidt v. Gross, 112 Mo. 656. It was therefore proper for the court to ascertain and declare the value of the improvements put upon the land by the widow, with money derived from the estate of her father. It was also proper for the court to ascertain and declare the value of the land at the death of Cornelius Johnson and before such improvements had been made by the widow, and to direct the commissioners to be guided by that valuation in setting out the homestead. Ailey v. Burnett, 134 Mo. 313.

GANTT, J.—This is a suit by one of the adult heirs at law of Cornelius Johnson, deceased, late of DeKalb county, Missouri, against his widow and other heirs for the assignment of the homestead and dower of the widow, Mrs. Mary Johnson, and the minor children, and for a partition of the remainder of said estate.

The lands consist of ninety-five acres in DeKalb county, the homestead of Cornelius Johnson at the time of his death. The petition is in the usual form. The answer admitted the heirship and the title to the land, and consents to the admeasurement of the dower and homestead, but avers that at the time of the death of Cornelius Johnson the dwelling house,

barns, outbuildings, and fences on said tract had become and were so dilapidated that they were practically useless for a home; that prior to his death said Cornelius Johnson had laid the foundation and commenced the erection of a new dwelling house; that it was unfinished and incomplete; that the widow in order to utilize said place as a homestead for herself and the minor children was compelled to and did in good faith expend her own means to the amount of $1,000 in finishing said dwelling house, barns, and fences; that at the time of the death of said Cornelius, said lands, owing to their neglected condition, were of little value, and the said eighty acres not worth more than $1,500, but by reason of the expenditure of the widow, Mrs. Mary Johnson, and the rapid increase in the price of lands in that vicinity since, the value of said lands is now largely in excess of the $1,500, and it would be impossible for commissioners appointed by the court to admeasure and mark out the homestead that vested in said widow and children as of the date of the death of said Cornelius Johnson, and they prayed the court to hear proofs and ascertain the value of said lands per acre at the date of the death of Cornelius Johnson, and that the commissioners be directed to take the value so found by the court as their guide in assigning the homestead to said widow and children.

On the trial, the court heard the evidence as to the condition and value of the lands at the time of the death of Cornelius Johnson, and made its findings that Cornelius Johnson died seized and possessed of the following lands, to-wit: The south half of the southwest quarter of section 2 and 15 acres off the north side of the southwest quarter of the southwest quarter of section 12, all in township 59, range 30, DeKalb county, Missouri; the north line of said 15 acres being the north boundary line of said quarter section, and the south boundary line being parallel with said north boundary line.

That he left surviving him, his widow, said Mary Johnson, and the plaintiff, Maggie Wilson, and the defendants, Arvilda Beckworth, Ida Searcy, Maud Havitt, Alonzo Johnson, Clarence Johnson, and John Johnson, his only heirs at law. That at the time of his death the said Cornelius Johnson occupied all of said land as his homestead; that the dwelling house, farm and outbuildings standing and being upon said lands were suffered and had become at the time of his death so decayed and dilapidated that they were practically valueless and useless for the purposes for which they were designed; that at the time of his said death the said Cornelius Johnson had laid the foundation and was about the preparation to build a new dwelling upon said land; that after his death the said Mary Johnson, in order to enjoy her homestead estate on said land, was compelled to and did in good faith with moneys that came to her from her father's estate, build said house and outbuildings and repair the barn on said land to that extent that practically all of said buildings were placed there with her means; that at the date of the death of said Cornelius Johnson, said lands were of no greater value than $2,000, to-wit, of the value of $21.05 per acre, by reason of the dilapidation of said buildings, and since said date by reason of the expenditures of said moneys by the said Mary and rapid appreciation of the value of said lands in the vicinity, said lands now largely exceed said value and it would now be impossible for the commissioners appointed by this court to admeasure and set off to defendant Mary Johnson, Alonzo Johnson and Clarence Johnson the homestead estate that vested in them at the death of said Cornelius without the aid of this court; that said John E. Johnson has by deed, since the death of his father, conveyed his interest and estate in said land to the plaintiff, Maggie Wilson; that said Mary Johnson is the owner during her natural life of a homestead in said land of the value of $1,500 at the value per acre

as ascertained and declared by this court; and the defendant Alonzo Johnson and Clarence Johnson have a similar estate therein until they attain the age of 21 years. That the plaintiff, Maggie Wilson, is the owner of two undivided one-sevenths and the defendants Avilda Beckworth, Ida Searcy, Maud Havitt, are each the owner of one undivided one-seventh of said lands subject to said homestead as aforesaid. It is therefore ordered and adjudged by the court that Finley McClure, W. B. Taylor, and John H. Keats be and are hereby appointed commissioners to make partition and set off to said Mary Johnson, Alonzo Johnson and Clarence Johnson a homestead of the value of $1,500, at the value per acre as ascertained, fixed and declared by the court, and in setting off said homestead they will disregard the value of improvements and present values of said land; that they will partition and divide the remainder of said lands among and between the plaintiff, Maggie Wilson, and the defendants, Arvilda Beckworth, Ida Searcy, Maud Havitt, Alonzo Johnson, and Clarence Johnson according to their respective rights and interests as ascertained and declared by the court if the same is susceptible of division without great prejudice to the owners thereof, and that they make full report to the next term of the court.

At the next term the commissioners made their report that in obedience to the decree of the court they set off to the widow and minor children seventy-one and one-fourth acres of said land by specific metes and bounds. Thereupon plaintiffs moved the court for new commissioners and for a modification of the decree so as to have the homestead valued as of the present value of said lands and the improvements thereon and also moved the court to reject the report of the commissioners. These motions the court overruled, and plaintiffs excepted.

Plaintiffs then moved the court to set aside its judgment

Vol 160 mo—33

confirming said report, on the ground, principally, that the court erred in hearing testimony and ruling that the commissioners should set off the homestead according to the value as of the time of the death of Cornelius Johnson, the intestate.

After a motion in arrest was overruled, plaintiffs appealed to this court.

I. From the foregoing abstract of the record it will be observed that the only question presented is of what date shall the commissioners appointed to admeasure a homestead to a widow and minor children fix upon as the proper time for valuing the land ? Shall they estimate the value of the lands as of the date of the death of the ancestor or as of the date when they admeasure it ? The answer must be made in view of our homestead statute.

Cornelius Johnson died in 1891, and the statute then in force must govern. It was the Act of 1875, known in the revision of 1889, as section 5439, and is as follows:

"If any such housekeeper or head of a family shall die leaving a widow or any minor children, his homestead to the value of aforesaid (to-wit, $1,500) *shall pass* to and vest in such widow or children, or if there be both, to such widow and children, and shall continue for their benefit without being subject to the payment of the debts of the deceased, unless legally charged thereon in his lifetime, until the youngest child shall attain its legal majority, and until the death of such widow; and such homestead shall, upon the death of such housekeeper or head of a family, be limited to that period."

In Riddick v. Walsh, 15 Mo. 537, Judge Scott said, "Every estate within our knowledge has been administered upon the supposition that the law existing at the time of the dissolution of the contract by death regulates the right of the widow."

Prior to the Act of 1875, it was ruled in Skouten v. Wood, 57 Mo. 380, and cases following, that, when the husband died seized of a homestead in fee, the wife took the homestead in fee simple; and in Register v. Hensley, 70 Mo. 189, where the husband died seized of a homestead prior to the Act of 1875, but the wife's election and renunciation of her husband's will was not made until after the Act of 1875 took effect, still she was entitled to her homestead under the law in force when her husband died.

Under the terms of the Act of 1875, in force when Cornelius Johnson died, the *homestead estate passed to and vested* in his widow for her life and his minor children until they reached their majority. In West v. McMullen, 112 Mo. 405, we held that an estate for life and not a mere right of occupancy vested in the wife on the death of her husband and so it was ruled in Hufschmidt v. Gross, 112 Mo. 657. While it is a continuance of the estate of the husband, continued residence on the land is not essential to the estate.

Counsel for plaintiff takes the position that until the widow's homestead is assigned to her, she has no estate. He basis this contention on the execution law, which requires the exemption to be set out and then the balance can be sold. [Sec. 3624, R. S. 1899.]

In other words, they claim that the homestead is not an estate, not a right, but a privilege restricted by statute, in quantity and value. We can not agree to this statement of the law. As already said the settled construction is that it is an estate, and that it passes and vests in the widow and children at the instant the husband dies, subject only to be admeasured.

But even while held in a larger tract and unallotted the wife can sell and convey it and her purchaser will stand in her shoes. [Weatherford v. King, 119 Mo. 51; Colvin v. Hauenstein, 110 Mo. 579.]

This right to sell and convey is incident to an estate, not a mere privilege.

The estate passed to and vested in Mrs. Johnson and her children when her husband died, and was not in abeyance until one of the heirs should bring partition. If it passed to her at the death of her husband, that was the time to which the statute looks when it fixed the amount she should take, and she was entitled to have $1,500 worth of the land assigned to her as of the value of that time, and it was by the same reasoning $1,500 worth of the land left by her husband, and not subsequent improvements which she placed upon the lands. We think the court properly construed the law, and its judgment is affirmed.

All concur.