## WHITE'S UVALDE MINES v. JAGOE CONST. CO. et al.
### No. 9406.

Court of Civil Appeals of Texas.
San Antonio.
June 20, 1934.

Rehearing Denied July 18, 1934.

L. D. Hill, of San Antonio, for plaintiff in error.

Church & Graves and Merritt H. Steger, all of San Antonio, for defendants in error.

MURRAY, Justice.

Plaintiff in error, R. L. White, doing business under the trade-name of White's Uvalde Mines, instituted this suit against defendants in error, Jagoe Construction Company, as contractor, and the Ohio Casualty Insurance Company, as surety, seeking recovery of the purchase price of materials furnished by plaintiff in error to Jagoe Construction Company, to be used in the making of certain improvements on the streets of the city of Brownwood.

The parties will be hereinafter designated as they were in the lower court.

The liability of the surety company depended upon the sufficiency of an affidavit made and filed by plaintiff in an attempt to comply with the provisions of article 5160, as amended by Acts of the 41st Legislature (1929), p. 481, chapter 226 (Vernon's Ann. Civ. St. art. 5160).

The city of Brownwood entered into three separate and distinct contracts for street paving. The first contract was let on October 1, 1930, and called for the paving of certain portions of Vincent street. The second contract was entered into on November 6, 1930, and called for the paving of certain portions of Austin avenue, and the third contract was entered into on December 23, 1930, and called for the paving of certain portions of Depot street. In all three contracts Jagoe Construction Company was the contractor and the bonds provided for in article 5160, supra, were all signed by the Ohio Casualty Insurance Company, as surety. However, there was a separate bond for a specific amount covering each contract. These contracts were in every respect separate, distinct, and independent contracts.

Plaintiff filed two affidavits, but we need only consider the last affidavit filed. This affidavit attempted to set forth an itemized account of material furnished by plaintiff to Jagoe Construction Company, but did not attempt to apportion the amount of material furnished under each project; it only stated that the material had been furnished and used in the three projects. The trial court sustained exceptions to the affidavit and refused recovery against the Ohio Casualty Insurance Company, but gave judgment against the Jagoe Construction Company in the sum of $3,929.25.

This cause is now before us, an appeal having been perfected by writ of error.

Plaintiff presents, by several assignments of error, the question of the correctness of the lower court's action in sustaining exceptions to his affidavit made in an attempt to fix the liability of the bonding company by complying with the provisions of article 5160, supra. It is not denied, but admitted by plaintiff, that the paving of each of the three streets was covered by a separate contract; that each contract was covered by a separate bond for a specified sum. It therefore follows that, to fix the liability of the bonding company, the amount of material furnished under each contract should have been specified so that the amount of liability on each bond could be determined. The statute provides that, if a bond be insufficient to pay all materialmen and laborers, then they shall each be paid a pro rata amount. This makes it necessary that the amount of claims against each bond be made known, and it is not a

676

sufficient compliance with the law to file a blanket affidavit attempting to establish a claim against three separate bonds, covering three separate contracts, without stating the amount of material furnished to each project.

The case of Hardin v. McCarthy (Tex. Civ. App.) 55 S.W.(2d) 1099, 1100, is directly in point. Plaintiff attempts to distinguish that case from the one at bar on the theory that in the Hardin Case the question of impounding funds was involved and not the fixing of the liability of the surety on a construction bond. We do not agree that there is any distinction. It occurs to us that, whether or not the affidavit is for the purpose of establishing a claim against impounded funds or for the es-tablishing of a claim against a bond, the principle is the same and the same rules would govern. Metropolitan Casualty Ins. Co. v. Cheaney (Tex. Civ. App.) 32 S.W.(2d) 691, is also in point.

It is true the affidavit stated that the exact portions of the material used in each project was a matter peculiarly within the knowledge of the construction company. As stated in the Hardin Case, supra: "Appellant was therefore charged with notice that McCarthy's agreement was to pave the street under four separate and independent contracts; and he was also charged with the duty of informing himself as to what amount of his material was used in each contract," etc. This is undoubtedly the rule, and a materialman cannot discharge the duty resting upon him to know and make affidavit as to the class, quantity, and value of material furnished by him in a particular job, by stating that it is a fact within the knowledge of the contractor.

As a general rule, in cases like this one, the rights of contracting parties, laborers, and other materialmen are involved, and a materialman desiring to avail himself of the benefits of article 5160, supra, must fully comply with its provisions. Plaintiff's affidavit is in fact an averment that all, or a part, of this material, was used in one or all of the contracts. Such an affidavit would be of no assistance in settling up any one of these three contracts.

Plaintiff's assignments of error will be overruled. Defendants have presented some cross-assignments of error attacking the sufficiency of the affidavit in that it was not properly itemized but the disposition we have made of plaintiff's assignments renders these cross-assignments immaterial.

The judgment will be affirmed.