**Grayce L. KROGER, Executrix of the Estate of Fred B. Kroger, Deceased (Plaintiff), Appellant,**

v.

**Helen C. ENGEL (Defendant), Respondent.**

**No. 30141.**

St. Louis Court of Appeals.
Missouri.
Feb. 17, 1959.

Carter & Fitzsimmons, Paul E. Fitzsimmons, Clayton, for appellant.

Austin C. Knetzger, St. Louis, for respondent.

ANDERSON, Judge.

This is an action in equity brought by Grayce L. Kroger, Executrix of the Estate of Fred B. Kroger, deceased, against Helen C. Engel to set aside a default judgment rendered by the circuit court in an action brought by Helen C. Engel against plaintiff herein. The trial court entered a judgment sustaining a motion to dismiss, and dismissed said action with prejudice. From this judgment, plaintiff has appealed.

The motion to dismiss was directed to an amended petition. Said petition alleged that on June 27, 1957, a default judgment was entered against the plaintiff, Grayce L. Kroger, in cause No. 99925D in the Cir-

cuit Court of the City of St. Louis—the style of said cause being Helen C. Engel v. Grayce L. Kroger, Executrix of the Estate of Fred B. Kroger, deceased; and that the claim set forth in said cause allegedly arose as a result of money loaned by William Engel, also deceased, to Fred B. Kroger.

The petition further alleged that plaintiff, who was named as defendant in cause No. 99925D, was not personally served with summons and a copy of the petition in said cause; nor was a copy of the petition and summons left at her abode with some person over the age of fifteen years. However, the petition thereafter alleged that a return was filed by the Sheriff of the City of St. Louis in said cause showing personal service on plaintiff. It was further alleged that on the date of the alleged service, April 16, 1957, the plaintiff was ill and under the care of Dr. George F. Rendleman, and as a result of her illness was in a confused and disturbed mental condition.

The petition further alleged that plaintiff, Grayce L. Kroger, was sued in said cause No. 99925D in her capacity as executrix of the estate of her deceased husband, but the plaintiff in said cause, Helen C. Engel, and her attorneys, made no effort to advise or notify Carter and Fitzsimmons, the attorneys for the estate, of the suit or their intention of taking a default judgment; that plaintiff and her counsel first learned of the claim and default judgment when plaintiff was in Tulsa, Oklahoma, during the first week of December, 1957, and was advised that a certified copy of said judgment had been filed as a claim in the ancillary administration of the estate of Fred B. Kroger, deceased, pending in the County Court of Creek County, Oklahoma.

It was further alleged that on December 9, 1957, plaintiff filed a motion to set aside said default judgment, which motion was overruled for the reason that when filed the term, during which the default judgment had been rendered, had ended, and

for that reason plaintiff had no adequate remedy at law.

It was further alleged that plaintiff had a full and complete defense to the action on which the judgment was based, if given the opportunity of having her day in court. The defense alleged was: discharge of the obligation by payment in full.

The prayer of the petition was for the court to set aside the default judgment rendered in said cause No. 99925D and to declare the same to be null and void, and of no effect; that the defendant be perpetually enjoined from attempting to carry into effect and to execute said judgment; and for general relief.

 The appellant contends that the order dismissing plaintiff's petition should be reversed for the reason that the facts alleged show that a fraud was practiced upon plaintiff and her attorneys in the procurement of the judgment in the case brought by Helen C. Engel against plaintiff herein. The fraud relied upon was the failure of Helen C. Engel, and her attorneys, to advise or notify Carter & Fitzsimmons, the attorneys for Grayce L. Kroger, of their intention to take a default judgment. There is no merit to this contention. The facts alleged showed no duty, or breach of duty, on the part of the attorneys for Helen C. Engel to volunteer such information to either Grayce L. Kroger or her attorneys.

The facts alleged in the petition in the instant suit cannot be considered a just predicate for a charge of fraud. Hanover Fire Insurance Co. v. Street, 228 Ala. 677, 154 So. 816. According to the averments of the petition there was a return of personal service on Grayce L. Kroger. There is no allegation in the petition of any promise or representation by the attorneys for Helen C. Engel that no judgment would be taken in the case except upon notice to Grayce L. Kroger or her attorneys. The failure of the attorneys for Helen C. Engel to notify Grayce C. Kroger or her attorneys of their intention to

take a default judgment constitutes no wrong doing whatever since there was a breach of no duty on their part. The general rule is that a court of equity will not interfere with a judgment unless a defense at law was prevented because of accident, or the fraud or act of the defendant's adversary, unmixed with fault on the part of the complaining party. 49 C.J.S. Judgments § 372, page 732. This rule is based upon the principle that a proper and due regard for the peace and interest of society requires strictness and caution in exercising the power to disturb the decrees and judgments of other courts of competent jurisdiction. This doctrine applies with equal validity to judgments by default, as well as to judgments rendered on a formal trial of the issues.

In our judgment, the amended petition in the instant suit failed to state a claim for which relief could be obtained and, for that reason, the judgment of the trial court should be affirmed. It is so ordered.

RUDDY, P. J., and WOLFE, J., concur.