**Alonzo R. EDSON, Appellant,**

**v.**

**Casey FAHY, Gracie Fahy Smith, R. W. Poteet and Amy Poteet, husband and wife, Respondents.**

**No. 47383.**

Supreme Court of Missouri,

Division No. 2.

Jan. 11, 1960.

Chas. A. Miller, Bethany, for appellant.

C. C. Ross, Bethany, for respondents, Casey Fahy and Gracie Fahy Smith.

Robert B. Loman, Bethany, for respondents, R. W. Poteet and Amy Poteet, husband and wife.

STORCKMAN, Judge.

This action was commenced by filing in the circuit court an independent proceeding entitled "Motion to Set Aside Judgments." An amended pleading was filed entitled "First Amended Motion and Petition." The ultimate object of the action is to set aside the partition sale of farm land formerly owned by the plaintiff and his wife, Alice M. Edson, as tenants by the entirety. As a means to this end, the plaintiff seeks to set aside a decree which granted Mrs. Edson a divorce from the plaintiff. Mrs. Edson brought the partition suit following final judgment in the divorce action. The de-

fendants, R. W. Poteet and Amy Poteet, his wife, are the purchasers of the real estate in question at the partition sale. The defendants, Casey Fahy and Gracie Fahy Smith, are heirs at law of plaintiff's former wife who died after the conclusion of the partition suit and prior to the bringing of this action. Along with their answers, the defendants filed motions to dismiss which were heard and sustained. The plaintiff's first amended motion and petition was dismissed and he has appealed.

The amended pleading, which at least for convenient reference we shall call a petition, is in three counts. The first count, on grounds which will be fully developed later, seeks to set aside the decree of divorce obtained by Alice M. Edson from her husband, the plaintiff herein. The second count deals primarily with the partition suit and prays that the judgments rendered in that suit and the sale of the land be set aside. The third count seeks to have stayed a separate action brought by R. W. Poteet and Amy Poteet, his wife, for possession of the land in question or, in the alternative, that the possessory action be combined with this suit and "all heard together."

The motions to dismiss called attention to the fact that plaintiff's petition made no allegation of fraud and among other things asserted that the amended petition failed to state a cause of action and that the contentions of the plaintiff with respect to the divorce action were res judicata because the plaintiff answered and defended the partition suit on the ground, inter alia, that he and the plaintiff therein, his former wife, owned the land as tenants by the entirety.

At the hearing of the motions to dismiss both plaintiff and the defendants introduced evidence consisting of the depositions of plaintiff's wife and two character witnesses which were filed in the divorce action together with the notice to take them, the petition for divorce and the return of service of summons showing that it was served on this plaintiff personally, the records in the partition suit of Alice M. Edson v. Alonzo R.

Edson including the petition, the summons showing personal service, defendant's answer, the interlocutory decree in partition, the sheriff's report of sale, the final decree, and the sheriff's final report. The trial court found that the amended petition failed to state a claim and that the controversy with respect to the divorce decree was res judicata.

While appellant's petition is in three counts, the fundamental basis of his entire complaint is the alleged invalidity of the divorce decree. If he does not in the first count state sufficient grounds for setting the decree aside, then there is no legal basis for setting aside the partition sale as sought in the second count, and there is nothing to combine with the Poteets' possessory action for the land as prayed in the third count. In fact in his brief on appeal, the appellant addresses himself entirely to the invalidity of the divorce action. In this way he seeks to establish that the land was held as an estate by the entirety, that it was not subject to partition, and that as the survivor of the marriage he is entitled to the sole ownership of the land.

In substance, Count 1 of the amended petition alleges that the divorce suit was filed against the plaintiff herein in the Circuit Court of Harrison County; that on July 1, 1956, he was served with notice of depositions to be taken on July 7, 1956, in Monroe City, Monroe County, Missouri; that the depositions of witnesses were filed on July 10 and read in evidence on July 16; that the depositions were not signed and the certificate of the notary public before whom the depositions were taken shows they were taken in the Court Room of the Hannibal Court of Common Pleas and at the St. Elizabeth Hospital in Marion County; that his wife testified as to the grounds for divorce, and other witnesses testified to her character; that it appears of record that no other evidence was produced at the trial; that his wife, the plaintiff in the divorce action, had not resided in Harrison County for more than eight years preceding the filing of the divorce case; that he had no no-

tice that the divorce action would be tried on July 16 or when it would be tried; that he and his wife owned the land in question as an estate by the entirety; "and that based on said supposed depositions, and without knowledge to the Court that the plaintiff's affidavit as to residence was untrue and without notice to plaintiff as to trial date, judgment for divorce was granted defendant on July 16, 1956, with judgment for $10000.00 alimony in gross, without and [sic] evidence or showing that plaintiff had the ability to pay the same." It is further alleged in Count 1 that plaintiff's wife, Alice M. Edson, died after the rendition of the decree and at a time unknown to plaintiff; that the defendants Fahy and Smith are her heirs at law and only personal representatives; that the defendants Poteets claim to be owners of the lands; and that the plaintiff "did not become acquainted with the above alleged errors of record until after the death of the defendant on February 18, 1957." The prayer of Count 1 is "that the said judgment be by the court set aside, and for naught held."

In his brief on appeal, the plaintiff asserts that the petition alleges "facts and records" sufficient to show that the circuit court "was not possessed of the facts necessary to under the law grant a divorce" in that (1) the residence of his wife was not in Harrison County; (2) the depositions were not in proper legal form because they were not taken according to notice but at a time and place other than set out in the notice; and (3) the testimony of the character witnesses was insufficient because "none of them lived in Harrison County, Missouri, and none of them testified to the wife's reputation in the County of her residence," and that no witnesses were called at the trial and all the testimony offered was by depositions. In support of his contention that the court erred in dismissing his petition, the plaintiff cites: Sections 511.250 and 511.260 RSMo 1949, V.A.M.S.; Crabtree v. Aetna Life Insurance Co., 341 Mo. 1173, 111 S.W.2d 103; Craig v. Smith, 65 Mo. 536; and State ex

rel. Potter v. Riley, 219 Mo. 667, 118 S.W. 647.

Section 511.250 is as follows: "Judgments in any court of record shall not be set aside for irregularity, on motion, unless such motion be made within three years after the term at which such judgment was rendered." Section 511.260, commonly referred to as the statute of jeofails, lists fourteen "imperfections, omissions, defects, matters or things" for which judgments will not be "reversed, impaired or in any way affected." The appellant does not indicate in what manner either of these statutes are applicable to his case. In Crabtree v. Aetna Insurance, the defendant filed a motion in the original action to set aside a judgment entered on the ground the service of process was defective and the defendant had not entered its appearance. This court discussed the functions of the proceedings contemplated by section 511.250 and by a writ of error coram nobis and held the defendant's motion should have been sustained. However in the case at bar there is no contention that the defendant in the divorce case, the plaintiff here, was not properly served, and the return in evidence shows he was personally served, although he filed no answer. Likewise in Craig v. Smith, one of the defendants filed in the original suit a motion to set aside a judgment on the ground that he had not been served with process as shown by the return filed and that the attorney representing the other two defendants had never been employed by him. State ex rel. Potter v. Riley was an original action for mandamus in this court in which the relators sought to compel the respondent judge to set aside the dismissal of a suit to quiet title entered on motion of plaintiff's attorney after the plaintiff had died. It was held that the judgment of dismissal was not void and being voidable only it could not be set aside in a collateral proceeding. The peremptory writ of mandamus was denied. The Riley case was overruled in Cole v. Parker-Washington Co., 276 Mo. 220, 207 S.W. 749, 760. See also De Hatre

v. Ruenpohl, 341 Mo. 749, 108 S.W.2d 357, 359. The authorities cited do not sustain the appellant's position but, on the contrary, tend to justify the trial court's action.

■ Generally a motion to set aside a judgment for irregularity, as recognized and limited by sections 511.250 and 511.260, comprehends an irregularity not dependent on proof dehors the record but one patent on the face of the record and of such a character as to be contrary in some respect to the established form and mode of procedure for the orderly administration of justice. Carr v. Carr, Mo., 253 S.W.2d 191, 194[2]; Weatherford v. Spiritual Union Christian Church, Mo., 163 S.W.2d 916, 917–918[1].

■ A proceeding in the nature of a writ of error coram nobis is designed to bring to the attention of the court some unknown fact, not going to the merits of the cause, but relating to the jurisdiction of the court to proceed and to attain a valid result in the proceeding. Veal v. Leimkuehler, Mo.App., 267 S.W.2d 387, 389; Townsend v. Boatmen's National Bank, Mo.App., 148 S.W.2d 85, 87. It is most frequently applied in cases where a party is a minor or insane, or has died at the time a judgment is rendered.

■ The issues of the two remedies may properly be presented in the same motion if a judgment is subject to attack for irregularities patent upon the record and for errors of fact dehors the record going to the right of the court to proceed and if the facts and circumstances justify it. Crabtree v. Aetna Life Insurance Co., 341 Mo. 1173, 111 S.W.2d 103, 106[5]. The appellant has not undertaken to classify his action and it is not necessary for us to do so since it is our conclusion that his petition does not state a claim for relief on either theory.

■■ With respect to the residence of his wife, the appellant's petition states in substance that she had not resided in Har-rison County for more than eight years preceding the filing of her divorce suit and that the trial court did not know that her affidavit as to residence was untrue. The petition does not allege that the wife's affidavit and residence claim was fraudulently made or was even wilfully false; only that it was false which is not inconsistent with good faith or honest mistake. State v. Foster, 355 Mo. 577, 197 S.W.2d 313, 324[22]; Marion v. Great Republic Insurance Co., 35 Mo. 148, 151. A judgment of a court of competent jurisdiction will not be set aside for false testimony at the trial as to the merits of the case, nor for a false affidavit as to the residence of the parties unless such affidavit was fraudulently made. Wright v. Wright, 350 Mo. 325, 165 S.W.2d 870, 875[6]; Crain v. Crain, Mo.App., 205 S.W.2d 897, 900[1]. See also Butler v. Walsh, Mo.App., 235 S.W.2d 826, 834 [8].

Nor was the appellant helped by the exhibits introduced at the hearing of the motions to dismiss the present case. The petition and decree in the divorce case are sufficient and regular upon the face. In her deposition, Mrs. Edson testified that she was 69 years old, was married in 1909, and had never lived any place but Harrison County since the marriage; that she and her husband each inherited land which they combined to form the 120-acre farm; that they lived on the farm until she was forced to leave because of the cruelty and mistreatment of her husband; that she took only a small suitcase with her and left all her furniture in the home; that her husband contributed nothing and she was compelled to find work to support herself; and that at the time the deposition was taken she was afflicted with cancer and confined to the hospital where the deposition was taken.

■ Ordinarily objections to depositions relating to the signature of witnesses, the notice to take, and the authentication by the notary public, all of which go to the form of the deposition, are waived where

such objections are not presented before trial by a motion to suppress the depositions. Hoyberg v. Henske, 153 Mo. 63, 55 S.W. 83, 85; Empire District Electric Co. v. Johnston, 241 Mo.App. 759, 268 S.W.2d 78, 80; Will Doctor Meat Co. v. Hotel Kingsway, Mo.App., 232 S.W.2d 821, 825. As stated, the appellant was personally served with summons in the divorce case but filed no answer and did not appear at the trial. He was also personally served with the notice to take depositions but did not appear in person or by counsel. The certificate of the notary states that the depositions were begun at the time and in the office of the attorney designated in the notice and were completed in Marion County. The allegations of the appellant's petition with respect to the taking and use of the depositions are insufficient to state a claim for setting aside the divorce decree and they are not aided by the exhibits introduced in evidence at the hearing of the motions to dismiss.

 The appellant cannot in this action complain of the qualifications of the character witnesses or the sufficiency of their testimony since a motion to set aside a final judgment cannot be used to test the sufficiency of the evidence or to review trial errors. Weatherford v. Spiritual Christian Union Church, Mo., 163 S.W.2d 916; Pike v. Pike, 239 Mo.App. 655, 193 S.W.2d 637, 640[5, 6]. The appellant received notice of the divorce action and the taking of the depositions and had an opportunity of which he did not avail himself to be heard. His petition is further deficient in that it fails to allege that he himself was free from fault, neglect or inattention to the divorce case. McCarty v. McCarty, Mo., 300 S.W.2d 394, 401[12]; Quattrochi v. Quattrochi, Mo.App., 179 S.W.2d 757, 760.

It also appears that the trial court was justified in ruling the issue of res judicata against the appellant. The same issues that he attempts to relitigate in this proceeding were available to him in the partition suit brought by his wife and in which his answer alleged that the lands were not subject to partition because they were "owned by plaintiff and defendant as an estate by the entirety" which could only have been true if they were still married. The issues were necessarily decided. Virgin v. Kennedy, 326 Mo. 400, 32 S.W.2d 91, 95[8]; First National Bank & Trust Co. of King City v. Bowman, 322 Mo. 654, 15 S.W. 2d 842, 851[9, 10].

The judgment is affirmed.

All concur.