**Silver HALL, Mabel Hall, Pearl Hall and Myrtle Hall, Appellants,**

v.

**J. Hugh SMITH, Respondent.**

No. 48794.

Supreme Court of Missouri,

Division No. 2.

Feb. 12, 1962.

Motion for Rehearing or for Transfer to Court en Banc Denied March 12, 1962.

Wm. H. Frye, Vogel & Frye, Cape Girardeau, Albert C. Lowes, Buerkle & Lowes, Jackson, for appellants.

Harold B. Bamburg, Clayton, Thompson, Walther & Shewmaker, St. Louis, Wayne L. Townsend, Dittmer, for respondent.

EAGER, Presiding Judge.

This action was instituted for the purpose of having the purchaser at a partition sale declared to be a constructive trustee for plaintiffs. The court sustained a motion to dismiss and plaintiffs appealed. We shall consider only the last amended pleadings. In their amended petition plaintiffs alleged: that in May 1958 two of the plaintiffs owned undivided one-fourths and the other two an undivided one-half of certain described land in Cape Girardeau County, totalling one hundred acres, more or less; that Silver Hall and Mabel Hall had formerly been husband and wife; that in May 1958 one R. P. Smith as attorney for Mabel Hall filed a partition suit in the Court of Common Pleas of that county, naming the other three present plaintiffs as defendants; that a "preliminary" decree in partition was entered, the sheriff was ordered to advertise and sell the land, and the land was so sold on October 17, 1958; that the sheriff filed his report of sale showing that the land was sold to the present defendant, J. Hugh Smith, for $1,000; that on October 17, 1958, the court entered its final decree in partition approving the sale, directing the distribution of the proceeds, and ordering the execution and delivery of the sheriff's deed; that the deed was so executed and delivered on said day. Then appeared the following allegations concerning the purchaser, who is the present defendant: that he was the son of R. P. Smith, Mabel Hall's attorney, was closely associated with R. P. Smith in his practice, shared offices with him, acted as his secretary and office manager, had access to all information and "confidential matters" concerning clients, including these plaintiffs, and shared fees with him (though not a lawyer); that defendant was present at the sale as the agent of R. P. Smith, that he "actively participated" in the conduct of the sale, gave directions to the sheriff, and "through his actions discouraged other purchasers from bidding a fair price for said land"; that R. P. Smith was allowed a fee of $100 for his services in the partition suit, and that defendant "directly or indirectly received part of said fee"; that "on or about the date the said sale was approved by the court, defendant informed these plaintiffs that he had purchased the land for their benefit and protection." Thereupon, the plaintiffs alleged the existence of a confidential relationship and its breach, that the sale price was grossly inadequate, that defendant had reaped profits from the land, and that plaintiffs "hereby tender" the sum of $1,000 to defendant. The prayer was for a decree declaring that defendant held the land as trustee for plaintiffs, that title be vested in plaintiffs, and that an accounting be rendered.

In defendant's amended motion to dismiss it was alleged that the petition failed to state a claim upon which relief could be granted, particularly in that: plaintiffs were barred by estoppel, having received the "fruits of the sale"; that no fraud or lack of jurisdiction were alleged in connection with the prior judgment; that the court in the prior judgment made a "specific finding" of the propriety of the sale, which was res adjudicata of plaintiffs' rights; that defendant held a judgment for possession; and that plaintiffs were barred by laches. Although the amended motion was filed prior to the last amendment of the petition, it is stipulated here that it was considered by all concerned as refiled, and that it may be so considered here. A motion for summary judgment was also filed. It is of no importance on this record, for reasons to be stated later.

At the hearing on the motion to dismiss defendant was "granted leave to introduce into the record * * * File No. 2325 of this court * * *" (the partition case). We shall consider the file as in evidence, under this rather awkward order. After the final order sustaining the motion, and at defendant's request, it was ordered that such entire file should be included in the transcript. Much wholly immaterial matter is thus brought here, although the essential parts were properly included.

 In considering a petition on motion to dismiss, we construe it liberally and favorably to the plaintiff, giving him the benefit of all inferences fairly deducible from the facts stated. Jacobs v. Jacobs, Mo., 272 S.W.2d 185, 188; Bedell v. Daugherty, 362 Mo. 598, 242 S.W.2d 572, 574; Fish v. Fish, Mo.App., 307 S.W.2d 46, 49; Ladue Contracting Co. v. Land Development Co., Mo.App., 337 S.W.2d 578, 582. Ordinarily the ruling is confined to the face of the petition. Pogue v. Smallen, Mo., 285 S.W.2d 915, 916; Baysinger v. Hanser, 355 Mo. 1042, 199 S.W.2d 644, 645–646; Hudson v. Jones, Mo.App., 278 S.W.2d 799, 802; Abbott v. Seamon, Mo. App., 229 S.W.2d 695, 699; State ex rel. State Highway Commission v. Shultz, 241 Mo.App. 570, 243 S.W.2d 808, 810; Section 509.300, RSMo 1959, V.A.M.S.[1] If it clearly appears from the petition that the cause of action is barred by limitations, a motion to dismiss is properly sustained. DeVault v. Truman, 354 Mo. 1193, 194 S.W.2d 29, 32. This court has held that the "other matters" which may be raised by motion under § 509.290 include the defense of res adjudicata, Pogue v. Smallen, supra; Metcalf v. American Surety Co. of New York, 360 Mo. 1043, 232 S.W.2d 526, 530, if such would dispose of an action "groundless on the uncontroverted facts." Metcalf, supra. See, also on that point, Hamilton v. Linn, 355 Mo. 1178, 200 S.W.2d 69, 71; Agnew v. Union Construction Co., Mo., 291 S.W.2d 106, 109; and Rippe v. Sutter,

Mo., 292 S.W.2d 86, 89. And, under that statute, "the grounds * * * may be supplied by affidavit." Certainly record evidence may be offered instead of affidavits. And see, generally, Hamilton v. Linn, supra, 355 Mo. 1178, 200 S.W.2d 69, loc. cit. 71, where the court said: "The trial court is authorized to receive proof on matters raised by motion." In Rippe, supra, it was indicated that evidence should have been offered to support the contention of res adjudicata, since the motion did not prove itself. In the present case plaintiffs have affirmatively pleaded in their petition the partition proceedings (as indeed they must), including the final judgment confirming the sale. That judgment appears here as a part of our record and may be considered.

 In our view of the case it will not be necessary to decide whether defendant, J. Hugh Smith, stood in a confidential relationship to plaintiffs, or any of them. It is therefore unnecessary to discuss the various cited cases, such as Swon v. Huddleston, Mo., 282 S.W.2d 18, 55 A.L.R.2d 205; Edwards v. Gottschalk, 25 Mo.App. 549; and Connecticut Mutual Life Insurance Co. v. Smith, 117 Mo. 261, 22 S.W. 623, 38 Am.St.Rep. 656. We have determined that the amended motion to dismiss was properly sustained, in that the prior judgment was res adjudicata of plaintiffs' present claims. In that judgment, entered on October 17, 1958, the court found that the price paid was the best obtainable, was fair and reasonable and that the sale should be approved; it found the respective interests of the parties, they constituting all of the present plaintiffs; it ordered the sale in all things approved and a deed executed; it allowed the expenses of sale and an attorney's fee, and it ordered the net proceeds distributed. The deed was executed and acknowledged on the same day. No objection of any kind was made to the sale prior to the confirmation, nor apparently until this suit was filed more

---

1. All statutory citations are to that revision.

than two years later; the transcript contains receipts for the respective distributive shares of all parties.

■■■ A final judgment in partition is as conclusive and binding on all the parties thereto as any other final judgment. It forecloses all the issues litigated, and all that might have been litigated in that cause. Miller v. Proctor, 330 Mo. 43, 49 S.W.2d 84; Bushman v. Bushman, 311 Mo. 551, 279 S.W. 122; Clark v. Sires, 193 Mo. 502, 92 S.W. 224; Virgin v. Kennedy, 326 Mo. 400, 32 S.W.2d 91; Edson v. Fahy, Mo., 330 S.W.2d 854. The validity of the sale is an essential thing to be determined at the time of confirmation. In the present case plaintiffs are actually attacking the validity of this sale: first, on the ground that the defendant Smith was not a proper person to purchase because he was, in effect, the "alter ego" of the moving attorney and in a confidential relationship; secondly, because he had "discouraged other purchasers"; and lastly, because the price bid and paid was grossly inadequate. All these matters could and should have been presented to the court prior to the confirmation of the sale; they went directly to the essential issue which the court then considered, and they could have been raised upon any proper form of objection made or filed in the cause by an interested party. Had the court considered such objections substantial, it could easily have ordered a new advertisement and a resale. Plaintiffs could also have attacked the confirmation by a motion for new trial filed in that cause within proper time. The present suit constitutes a collateral attack upon the partition judgment which is not permissible. Rupp v. Molitor, 320 Mo. 938, 9 S.W.2d 609; Virgin v. Kennedy, 326 Mo. 400, 32 S.W.2d 91; Phelps v. Domville, Mo., 303 S.W.2d 601, 607; Ray v. Ray, 330 Mo. 530, 50 S.W.2d 142. There is no contention that the court in the prior case, did not have jurisdiction of the subject matter and the parties; nor do plaintiffs claim that for any other reason that judgment was void.

All of these plaintiffs were parties to the partition suit and as such they are bound by the judgment. The mere fact that the present defendant was not a formal party to that suit, although the purchaser, is immaterial. He is not contesting the binding effect of the judgment. See, by analogy, First National Bank & Trust Co. of King City v. Bowman, 322 Mo. 654, 15 S.W.2d 842, 851. Illustrations of proceedings to set aside partition sales, taken in the original case, are shown in: Tatum v. Bernard, Mo.App., 49 S.W.2d 1083; Borchers v. Borchers, 352 Mo. 601, 179 S.W.2d 8; and Goode v. Crow, 51 Mo. 212. Many similar instances might be cited. The grounds alleged by plaintiffs here are not such as to constitute a direct attack upon the partition judgment. See Johnson v. Stull, Mo., 303 S.W.2d 110, 115, and cases there cited; Reis v. LaPresto, Mo., 324 S.W.2d 648; Kroger v. Engel, Mo.App., 321 S.W.2d 27.

■■■ We have considered the allegation of the amended petition that "on or about" the date when the sale was approved, defendant told plaintiffs that he had bought the land "for their benefit and protection." If plaintiffs had alleged that a specific agreement such as that shown in Swon v. Huddleston, Mo., 282 S.W.2d 18, 55 A.L.R. 2d 205, was made prior to the confirmation of the sale and that they were thereby induced to and did refrain from opposing the confirmation, we might conceivably consider whether the present case could be held to come within the principle of that case. But there is no such allegation. Not only is the time left uncertain, and no inducement and resulting nonaction are alleged, but the words "for their benefit and protection" are so vague as to be meaningless. Thus, the allegation does not legally avoid the effect of res adjudicata as heretofore discussed.

■■■ We note that this opinion does not constitute an approval of the alleged actions of the defendant. Not having heard the merits we are in no position to express

an opinion on the propriety of defendant's acts. Those attributed to him are not to be recommended. We have disregarded sundry statements concerning matters outside the record, and papers wholly outside the proper scope of the record, including letters to the trial court. Counsel for defendant have insisted here that their motion for summary judgment should be sustained; that question is wholly immaterial, as the order sustaining the motion to dismiss is a final judgment. State ex rel. McMonigle v. Spears, 358 Mo. 23, 213 S.W.2d 210; Mansfield v. Veach, 240 Mo.App. 617, 212 S.W.2d 90; Runnion v. Paquet, Mo.App., 233 S.W.2d 803. Moreover, when the court on plaintiffs' motion for a new trial set aside that part of its former order sustaining the motion for summary judgment, defendant took no appeal and he is foreclosed.

We hereby direct the clerk to tax against the respondent one-half the cost of fifty-two pages of the transcript, in the sum of $15.60. The judgment is affirmed.

All of the Judges concur.