KIRKWOOD–EASTON TIRE COMPANY, Appellant,

v.

ST. LOUIS COUNTY, Missouri, Respondent.

No. 60374.

Supreme Court of Missouri, En Banc.

July 24, 1978.

Alan G. Kimbrell, Rosecan, Popkin & Chervitz, St. Louis, for appellant.

Marilyn Wallach, Thomas W. Wehrle, Christine C. Pernoud, Clayton, for respondent.

STOCKARD, Special Judge.

In this action for breach of contract the trial court entered judgment dismissing plaintiff's petition for failure to state a cause of action. An appeal was taken to the Missouri Court of Appeals; St. Louis District, which affirmed the judgment, but upon application of plaintiff the case was transferred here by order of this court. We now determine the cause "the same as on original appeal." Mo.Const. Art. V, § 10.

Appellant is in the business of selling automobile and truck tires. In July 1975 the County invited bids for tires needed to equip its fleet of automobiles and trucks. All bids were to conform to specifications published by the County which were to be incorporated into a contract between the County and the successful bidder.

Appellant submitted a bid that was "accepted" by the County. The parties executed an instrument evidencing the agreement which incorporated as a part thereof the specifications and bid.

Appellant pleaded that during the contract period the County purchased tires and tubes from suppliers other than it, and that the County thereby breached and repudiated the contract to the damage of appellant in the amount of $16,000.00.

Appellant contends that the agreement entered into was a "requirements contract," and that the County was legally obligated to purchase from appellant those tires and tubes described in the specifications during the period of the contract. Appellant relies on the following provisions in the contract:

"It is * * * agreed that * * * the SUPPLIER shall furnish and deliver to the COUNTY for ALL DEPARTMENTS & AGENCIES, Tires and Tubes in accordance with the attached Bid Form and Specifications. CONTRACT TERM: September 1, 1975 through August 31, 1976. * * * The following equipment shall be furnished complete and ready for operation and shall be delivered to St. Louis County Departments as required on a contractual basis * *. The estimated requirement to be in excess of $70,000.00."

Respondent County did not file an answer, but by way of argument in its brief it asserts that it awarded more than one contract and was entitled to purchase tires and tubes from another supplier. It relies on the following provision in the bid form, which was made a part of the contract, as its authority to award more than one contract.

"H. *Method of Award*

A dual or multiple award may be issued if it is in the best interest of the County. Items may be awarded on an item per item basis."

A "requirements contract" is one in which one party promises to supply all the specific goods or services which the other party may need during a certain period at an agreed price, and the other party promises that he will obtain his required goods or services from the first party exclusively. *Shader Contractors, Inc. v. United States,* 276 F.2d 1, 149 Ct.Cl. 535 (1960); *Laclede Gas Company v. Amoco Oil Company,* 522 F.2d 33 (8th Cir. 1975). Missouri has for some time recognized and enforced "requirements contracts." *Missouri Portland Cement Company v. Denny Concrete Company, Inc.,* 499 S.W.2d 432 (Mo.1973); *Banner Creamery Co. v. Judy,* 47 S.W.2d 129 (Mo.App.1932); *Cantrell v. Knight,* 72 S.W.2d 196 (Mo.App.1934). We think it clear, and the County does not contend otherwise, that the petition pleads the existence, and breach, of a "requirements contract," see *Great Eastern Oil Co. v. DeMert & Dougherty, Inc.,* 350 Mo. 535, 166 S.W.2d 490 (1942), unless the provisions of paragraph H, set out above, result in there being no obligation on the part of the County to purchase from appellant any of the items described in the bid form and the specifications. However, the petition should not be dismissed on this basis unless it can be said as a matter of law that this is the result.

In considering the sufficiency of the petition on a motion to dismiss, the allegations are to be construed liberally and favorably to the plaintiff, giving it the benefit of all inferences fairly deducible from the facts

stated. *Hall v. Smith,* 355 S.W.2d 52 (Mo. 1962); *Scheibel v. Hillis,* 531 S.W.2d 285 (Mo. banc 1976).

We are of the opinion that when so considered the language of paragraph H results in the agreement being ambiguous. Paragraph H appears in the bid form, and it reasonably could be construed to constitute no more than notice to the prospective bidders that the items therein described might be split, and that an award for some of the items might be made to one bidder and an award for the remaining items might be made to other bidders. When the bid form was returned by appellant with the price set out at the side of each item described therein, an offer was made by appellant to sell the items at the stated prices. When the County accepted the bid and entered into a contract in which it incorporated as a part of that contract *all* items described on the bid form, it elected not to make a "dual or multiple award," and once the contract was executed the force and effect of paragraph H ceased. We do not now say that this construction is compelled, but it is not inconsistent with the language of the agreement when considered in its entirety.

In view of the ambiguity resulting from the provisions of paragraph H, the full and complete intention of the parties cannot be ascertained from an examination alone of the written contract. In this circumstance extrinsic evidence is admissible to resolve the ambiguities, supplement the writing and determine the intention of the parties. *Modine Manufacturing Company v. Carlock,* 510 S.W.2d 462 (Mo.1974); *Fisher v. Miceli,* 291 S.W.2d 845 (Mo.1956).

The judgment is reversed and the cause remanded.

MORGAN, C. J., and BARDGETT, DONNELLY, RENDLEN and SEILER, JJ. concur.

HOUSER, Special Judge, concurs in separate concurring opinion filed.

FINCH, J., not sitting.

SIMEONE, J., not participating because not a member of the court when cause was submitted.

HOUSER, Special Judge, concurring.

I agree that the contract pleaded is ambiguous for the reason stated in the opinion of Stockard, Sp. J., and for the further reason that the words "as required" as used in the writing are susceptible of different interpretations. I concur in that part of the opinion reversing the judgment of dismissal and remanding the cause. On remand plaintiff will have an opportunity to amend its petition to allege any available extrinsic facts not inconsistent, contradictory of or repugnant to the terms of the contract, which may assist in resolving these ambiguities and which may properly supplement the writing and complete an entire and workable agreement, such as relevant oral agreements and understandings between the parties; past course of dealing between the parties, if any; customs and usages of the parties in previous dealings between the county and this supplier or other suppliers under this or other contracts containing this ambiguous terminology, etc.